THE STATE OF OHIO, APPELLEE, *v.* ULRICH, APPELLANT. (TWO CASES.)

(Nos. 87AP-448 and 87AP-449—
Decided October 22, 1987.)

*Michael Miller,* prosecuting attorney, and *Bonnie L. Maxton,* for appellee.

*Douglas J. Maser,* for appellants.

STRAUSBAUGH, P.J. Defendants-appellants, Janice F. and Ralph Ulrich ("defendants"), appeal from judgments of the court of common pleas convicting them of two counts of promoting prostitution in violation of R.C. 2907.22. The convictions resulted from the entering of no contest pleas by defendants after their motions to dismiss were overruled by the trial court.

The record indicates that, during the latter part of 1985 and continuing into the early months of 1986, the Columbus Police Department, acting on information supplied by an informant and without any formal agreement with the Franklin County Sheriff's Department, conducted an investigation of alleged prostitution activities which took place at 3244 Westerville Road. That investigation ultimately culminated on February 5, 1986 in the execution of a search warrant, obtained by the Columbus Police Department, by a Franklin County deputy sheriff at that address. The location of the residence was outside the physical boundaries of the city of Columbus. As a result of this search, an arrest warrant was issued in the name of one "Katrina Doe" which alleged that said person, subsequently identified as defendant Janice Ulrich, had operated the residence at 3244 Westerville Road in violation of R.C. 2907.22, promoting prostitution. That charge was subsequently dismissed at a preliminary hearing.

Later, on July 25, 1985, the Franklin County Grand Jury returned an indictment charging defendants each with two counts of promoting prostitution in violation of R.C. 2907.22. Defendants filed a motion to dismiss and, in the alternative, a motion to suppress based on the fact that the investigations as well as the prosecutions for the alleged conduct were products of Columbus Police Department efforts in an area of Franklin County not within their jurisdiction. Following a hearing on these motions, which were overruled by the trial court, defendants entered pleas of no contest.

The trial court proceeded to find each defendant guilty of two counts of promoting prostitution, following which the court sentenced each defendant to twelve months' incarceration, said sentences suspended upon satisfactory completion of three years' probation. Defendants set forth the following two assignments of error:

"I. The trial court erred when it overruled the appellant's motion to dismiss in deciding that a municipal police officer has authority to investigate alleged criminal activity, execute search warrants, and to prosecute cases through the criminal justice system based upon alleged criminal activity which took place wholly [*sic*] outside the physical boundaries of his employing municipality.

"II. The trial court erred in not

suppressing evidence held which violated Rile 41D [*sic*] of the Ohio Rules of Criminal Procedure."

Defendants argue that there is no jurisdiction in municipal police departments to conduct investigations of and to obtain indictments for alleged criminal activity which occurs wholly outside their bailiwicks; that the physical jurisdiction of the various municipal police departments is set by statute; and that since the statutes derogate from personal liberty, they must be strictly construed. Therefore, the various law enforcement agencies established by law in Ohio have no authority to act beyond their statutorily created jurisdiction.

Defendants also contend that the trial court erred when it failed to suppress the evidence held by the Columbus Police Department in violation of Crim. R. 41(D) which mandates that property seized under a warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant. Here, it was the Franklin County Sheriff's Department which was nominally the agent which executed the warrant; despite this fact, the property was held by the Columbus Police Department. As such, defendants contend, the evidence held in violation of Crim. R. 41(D) should be suppressed.

The issue before this court, in regard to defendants' first assignment of error, is not the authority of a municipal police officer to *arrest* beyond the boundaries of the municipal jurisdiction but the power of the municipal police department to conduct an investigation and secure a search warrant at a residence which is not within the municipality. As such, defendants' citation to those cases which concern the power of municipal police to arrest beyond the city limits is misplaced. We find that defendants have no standing to raise this issue.

Whether or not a municipal police department is capable of investigating crimes outside its geographic jurisdiction has no bearing on the culpability of a particular criminal defendant. Moreover, Crim. R. 41(A) does not restrict the authority of a law enforcement officer to request the issuance of a search warrant; nor need an affiant be a law enforcement officer. In this case the warrant was executed by the Franklin County Sheriff's Department and, therefore, there is no question but that the search in this instance was valid.

We find further support for our holding regarding the investigatory powers of the police in the recent decision of *State* v. *Dotson* (1987), 35 Ohio App. 3d 135, 136-137, 520 N.E. 2d 240, 243, where the court of appeals stated:

"We are cited to no authority that city police cannot investigate criminal activity occurring in areas outside the city limits. The drug traffic does not stop at town boundaries and may have serious damaging effects upon the population of the town. We know of no reason that a city or town cannot protect its citizens and schools by initiating and conducting investigations in nearby areas. The only problem would appear to be whether the city wished to finance such investigations, a matter for city council and not for the courts. Clearly here the city police had such authority and did not attempt to, in any way, exercise a power to arrest or to execute a search warrant beyond the city limits. Essentially they were witnesses.

"It is also clear that the defendant was properly arrested by an officer with authority to do so on an indictment returned by a grand jury. It is further clear the trial court had jurisdiction over both the person of the defendant and the subject matter of the offense. The indictment was not subject to dismissal and we are not cited to, nor do we find authority re-

quiring the evidence of the prosecution here involved to be suppressed."

Given the persuasive reasoning advanced by the court in *Dotson, supra,* we believe that defendants cannot complain that the investigation conducted by the Columbus Police Department was somehow invalid. Accordingly, defendants' first assignment of error is overruled.

We find, furthermore, that evidence seized pursuant to a lawful search is not subject to exclusion merely because of an irregularity in connection with the identification and preservation of that evidence under Crim. R. 41. Even if the property should have been taken to the sheriff's department, failure to comply with the administrative requirement is not a constitutional violation. Therefore, the exclusionary rule is not invoked. Moreover, there is no statutory right to the suppression of evidence. The use of lawfully obtained evidence is not prohibited merely because of the failure of a police department to comply with Crim. R. 41(D). Absent evidence that the violation prejudiced defendants in any manner, there can be no error in the admission of that evidence at trial. For the foregoing reasons, defendants' two assignments of error are overruled, and the judgments of the common pleas court are affirmed.

*Judgments affirmed.*

WHITESIDE and YOUNG, JJ., concur.