This case is before the court on appeal from appellant's conviction on two counts of drug trafficking. Appellant argues:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 II. THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT'S MOTION TO DISMISS FOR VIOLATION OF THE APPELLANT'S RIGHT TO A SPEEDY TRIAL.
 III. APPELLANT'S CONVICTION IN COUNT TWO FOR PREPARATION FOR SHIPMENT UNDER RC [SIC.] 2925.03 IS VOID FOR AT THE TIME OF APPELLANT'S ARREST, TRIAL, CONVICTION AND SENTENCING THERE WAS NO LAW IN EXISTENCE UNDER AND BY VIRTUE OF WHICH HE COULD BE LEGALLY TRIED.
There is one preliminary housekeeping matter: The final judgment entry indicates that appellant entered a plea of guilty to the drug trafficking charges. However, the transcript and record disclose that a jury found appellant guilty. The transcript also shows the court sentenced appellant based upon a jury verdict, not a guilty plea. Finally, both parties' arguments in this court assume the conviction was based on a jury verdict. For these reasons, it appears the final judgment misstates the proceedings below. The misstatement is material; appellant would have waived the issues he raises here if he had entered a guilty plea. See, e.g., State v. Kefley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus. Therefore, this court sua sponte directs the common pleas court to correct the record to reflect that appellant was found guilty by a jury and did not plead guilty. See App.R. 9 (E).
 FACTS AND PROCEEDINGS BELOW
The testimony at trial disclosed that appellant arrived at Cleveland Hopkins International Airport at approximately 7:45 a.m. on February 19, 1993 on a flight from Los Angeles. Cuyahoga County Sheriff's Department Drug Task Force Officer Harry Acklin followed appellant to the baggage claim area, where he walked back and forth a few times, then went outside and came back in. Appellant entered a telephone booth, exited, and went to a car rental booth. He then returned to baggage claims, retrieved a bag, and left the terminal. Acklin and United States Drug Enforcement Agency ("DEA") Special Agent Maureen McCabe approached him and asked to see his ticket.
The one-way ticket bore the name of John Lindy and had been paid for in cash. The officers asked him for identification, and appellant produced an Ohio driver's license bearing the same name. The officers then asked to search his bag, but appellant refused consent. McCabe told appellant the bag would be detained and he would be given a receipt and asked appellant to accompany them to the DEA office.
Meanwhile, another DEA agent went to the car rental booth and inquired about what appellant had done there. Appellant had identified himself to the rental agent as Larry Hebert. The agent questioned appellant about his identity and the identity of Larry Hebert. Appellant then left.
After a drug dog responded positively to the appellant's bag, a search warrant was issued. Acklin then searched the bag and found one kilogram of cocaine wrapped in plastic.
The grand jury returned an indictment against Larry Hebert, Jr., a.k.a. John Lindy, on March 10, 1993. Shortly thereafter, a capias was issued for his arrest. Appellant was apparently arrested in San Jose, California, in May 1997. He waived extradition and was returned to Cuyahoga County on July 2, 1997, where he entered a not guilty plea on July 10. 1997.
Appellant filed three motions to suppress before the common pleas court: a motion to suppress any statements appellant made to the police officers at the airport, a motion to suppress all evidence obtained as a result of an unjustified investigative stop, and a motion to suppress based on an alleged unjustified seizure of appellant. In addition, appellant filed a motion for "appropriate relief," which asked the court to exclude evidence of the alleged controlled substance "until" the state produced a credible person who was present for the inventory of appellant's baggage. Before trial, the court held a hearing on these motions and overruled them.
The record discloses that appellant waived his right to a speedy trial at a pretrial held September 30, 1997. He later filed a "notice" that this waiver was rescinded. He filed additional waivers of his right to a speedy trial on December 30, 1997 and March 17, 1998.
Appellant twice moved to dismiss the indictment, arguing, first, that his statutory speedy trial time had run before he signed a waiver and, second, that he had been denied his constitutional right to a speedy trial. The court overruled both motions.
The case proceeded to trial on April 28, 1998. The jury found appellant guilty on both charges. In a judgment entered on May 21, 1998, the court sentenced appellant to a term of imprisonment of five to fifteen years on count 1, with mandatory actual incarceration, and a concurrent term of two years' imprisonment on count 2. This appeal was timely filed thereafter.
 LAW AND ANALYSIS
A. Motions to Suppress.
Appellant first argues the trial court erred by overruling his motions to suppress. He contends that he was illegally detained and that the police lacked probable cause to seize and search his bag. Finally, appellant argues that Acklin failed to follow the statutory procedure for inventorying the contents of the bag.
1. Inventory Procedure.
Neither R.C. 2933.24.1 nor Crim.R. 41 (D) requires a witness to sign the inventory, as appellant argues.[1] Moreover, nothing in either the statute or the criminal rule would require the suppression of evidence because of an irregularity in the inventory procedure. See State v. Dolce (1993), 92 Ohio App.3d 687, 696;State v. Ulrich (1987), 41 Ohio App.3d 384, 387.
2. Alleged Seizure of Appellant.
Appellant contends Officers Acklin and McCabe had no reasonable, articulable suspicion to justify their detention of him; therefore, he claims, all subsequently obtained evidence must be suppressed. The state urges that the encounter between appellant and Officers Acklin and McCabe was consensual and therefore not a "seizure".
Not all encounters between citizens and police are "seizures" that require justification. Terry v. Ohio (1968), 392 U.S. 1, 19
note 16. A seizure occurs only when the citizen is restrained, through physical force or a show of authority. If "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave," then the person has been "seized" within the meaning of the Fourth Amendment. United States v. Mendenhall (1980), 446 U.S. 544, 554.
The fact that law enforcement officers approached appellant in a public place and asked him questions does not support the conclusion that he was "seized." Nothing in the record suggests that appellant had an objective reason to believe he was not free to go. The very fact that he left before the non-consensual search of his bag tends to support the conclusion that appellant understood he could leave at any time. Therefore, the encounter between appellant and officers Acklin and McCabe was consensual and not a seizure requiring Fourth Amendment justification.
3. Seizure of Luggage.
Appellant did not consent to a search of his bag. The bag was detained for approximately thirty minutes for exposure to a drug detection dog, after which Acklin obtained a warrant to search it. Under these circumstances, we must assess whether the initial detention of the bag was justified as an investigative stop.
"[W]hen an officer's observations lead him reasonably to believe that a traveler is carrying luggage that contains narcotics, the principles of Terry and its progeny would permit the officer to detain the luggage briefly to investigate the circumstances that aroused his suspicion, provided that the investigative detention is properly limited in scope." United States v. Place
(1983), 462 U.S. 696, 706.
Initially, the court must assess whether the officers had a reasonable suspicion that the bag contained contraband. Appellant's nervous behavior and his arrival on a one-way ticket purchased in cash from Los Angeles, a major source city for narcotics, were sufficient to justify a brief detention of the luggage to allow the officers to confirm or deny their suspicions that the bag may have contained narcotics. A one-half hour detention, pending the arrival of a trained narcotics dog, was not unreasonable, given that the officers had no prior warning of appellant's arrival. The investigation proceeded in a diligent and reasonable manner, likely to confirm or dispel the officers' suspicions quickly. Therefore, we find the investigatory detention of appellant's bag was justified and reasonable in scope. United States v.Sharpe (1985), 470 U.S. 675.
For these reasons, the first assignment of error is overruled.
B. Motion to Dismiss.
Appellant next complains that the court erroneously denied his motions to dismiss for violation of his right to a speedy trial. Though he points out that this right is guaranteed by the Ohio and United States Constitutions, his only arguments are based on the Ohio speedy trial statute, R.C. 2945.71. Therefore, we limit our analysis to appellant's statutory speedy trial rights.
Under R.C. 2945.71 (C) (2), a person charged with a felony must be brought to trial within two hundred seventy days after his or her arrest. For purposes of computing time under this section, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C.2945.71 (E).
The parties agree appellant was first available for trial in Ohio on July 2, 1997, and that time under the statute should be computed from that date. See State v. Adkins (1982),4 Ohio App.3d 231. Appellant remained in custody in lieu of bail, so each day counted as three.
The court's journal entries reflect that on September 23, appellant waived his right to a speedy trial until December 30, 1997. However, the record does not include a written waiver nor does it show that the waiver was entered on the record in open court. Therefore, the waiver was ineffective. State v. King
(1994), 70 Ohio St.3d 158, syllabus.
The lack of a valid waiver does not mean appellant's speedy trial rights were violated, however. Id., 70 Ohio St.3d at 162. Appellant filed two motions to suppress on September 12. 1997, tolling the statute for a reasonable period. R.C. 2945.72 (E). Moreover, on October 3, 1997, appellant filed a motion to independently analyze the substance that was the basis for the alleged violation. This motion also tolled the statute. See State v.Grinnell (1996), 112 Ohio App.3d 124, 134-34.
Pretrials were scheduled at appellant's request on October 22, November 12, December 1 and December 23, 1997. On December 30, 1997, appellant signed and filed a written waiver of his speedy trial rights until January 5, 1998.
On January 5, appellant's motion for independent testing was granted. The trial was continued several times to allow defendant to obtain the independent tests. Another written speedy trial waiver was filed March 19. consenting to a continuance to May 1, 1998. As noted above, the trial commenced on April 28.
The court finds all delays were attributable to motions filed by appellant, were requested by appellant, and/or were waived by appellant. Accordingly, the court finds no violation of appellant's right to a speedy trial, and the second assignment of error is overruled.
C. Statute Subsequently Vacated.
Finally, appellant claims he could not be punished for a crime that no longer existed at the time of his arrest or prosecution. Appellant was convicted for conduct that was a crime at the time of his actions. Pursuant to section 5 of Senate Bill 2, as amended by Senate Bill 269, section 3:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply * * * to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
Therefore, the third assignment of error is overruled.
Accordingly, the trial court's judgments are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, J., and PATRICIA A. BLACKMON. J., CONCUR.
JUDGE, KENNETH A. ROCCO
[1] Both statute and rule identically require that:
 * * * The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken and shall be verified by the officer. * * *