THE STATE OF OHIO, APPELLANT, *v.* KING, APPELLEE.

[Cite as *State v. King* (1994), 70 Ohio St.3d 158.]

(No. 93–1290—Submitted April 26, 1994—Decided August 31, 1994.)

160

*John A. Poulos,* Canton City Prosecutor, and *Francis G. Forchione,* First Assistant City Prosecutor, for appellant.

*Augustin F. O'Neil,* for appellee.

WRIGHT, J.   The principal query before us is whether a defendant's oral waiver of speedy trial rights, which does not appear on the record, is effective.   In the absence of such a waiver we also consider whether a trial court may *sua sponte* continue a defendant's trial beyond the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial, without a journal entry explaining the reasons for the continuance.   For the reasons that follow, we hold that a defendant's waiver of his or her right to a speedy trial must be either written or made on the record in open court.   We also reaffirm our holding in *Mincy, supra,* that any *sua sponte* continuance must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance.

It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made. *Barker v. Wingo* (1972), 407 U.S. 514, 529, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 116.   Consistent with this principle, this court has found the statutory speedy trial provisions set forth in R.C. 2945.71 to be coextensive with constitutional speedy trial provisions.   *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218. Thus, we have held that an accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions. *O'Brien, supra,* paragraph one of the syllabus.   Furthermore, this court has held that, for purposes of trial preparation, a defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel.   *State v. McBreen* (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, 376 N.E.2d 593, syllabus.

Our leading case considering the effect of waiving a defendant's right to a speedy trial is *O'Brien, supra.*   In *O'Brien,* the defendant was charged with driving under the influence and signed an express written waiver of his *statutory* right to a speedy trial set forth in R.C. 2945.71.   After the court continued

defendant's trial on its own and the state's motions, defendant, who had not previously formally objected to the continuances, moved to dismiss his case alleging he had been deprived of his *constitutional* right to a speedy trial. In holding that the statutory speedy trial provisions of R.C. 2945.71 and the constitutional guarantees found in the Ohio and United States Constitutions are coextensive, the court expressed that a "trial court may reasonably rely upon the *written waiver* of speedy trial as filed within the case." (Emphasis added.) *O'Brien,* 34 Ohio St.3d at 10, 516 N.E.2d at 221.

From the court's decision in *O'Brien* we can infer that a court's reliance on an *un*journalized oral waiver, alleged or actual, is not effective. In fact, the cases in which we have considered and upheld the validity of a waiver of a defendant's right to a speedy trial involve circumstances in which the accused either expressly waived his or her right in writing or waived it in open court on the record. See *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658 (guilty plea waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds); *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025 (written waiver of speedy trial rights as to an initial charge not applicable to subsequent applicable charges arising from the same circumstances); *O'Brien, supra* (express written waiver, if voluntarily and knowingly made, may also constitute waiver of state and federal constitutional speedy trial rights); *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581 (guilty plea waives defendant's right to a speedy trial); *State v. Bauer* (1980), 61 Ohio St.2d 83, 15 O.O.3d 122, 399 N.E.2d 555 (record discloses that defendant failed to appear for trial and thus waives his right to a speedy trial for the period of initial arrest to rearrest); *Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 10 O.O.3d 382, 383 N.E.2d 599 (defendant effectively waived in writing his right to a speedy trial); and *State v. McBreen, supra* (defendant's counsel signed two "Waiver of Time Provisions" forms).

It is disputed whether appellee's trial counsel orally waived appellee's right to a speedy trial. Be that as it may, aside from the opposing allegations, we are unable to determine the existence in the record of any conclusive evidence regarding waiver. We find the lack of any definitive evidence of waiver of appellee's speedy trial right critical. The conclusion that we draw from *O'Brien,* and which is suggested by the other cases cited above, is that a waiver of speedy trial rights must be expressly written or in some form that can be conclusively determined from the record. We see no reason to depart from our previous case law. Therefore, we hold that, to be effective, an accused's waiver of his or her constitutional and statutory right to a speedy trial must be expressed in writing or made in open court on the record.

Applying this standard to the instant case, we find that appellee did not waive her statutory or constitutional rights to a speedy trial. A close review of the record reveals that neither appellee nor her trial counsel made an express written waiver or waived her rights to speedy trial in open court on the record. Therefore, we must affirm the holding of the court of appeals which ruled that the trial court erred in finding the appellee's alleged oral waiver effective.

But finding the alleged oral waiver to be ineffective does not answer the question of whether the court violated respondent's right to a speedy trial when it *sua sponte* continued appellee's trial date beyond the time limit set forth in R.C. 2945.71. Pursuant to R.C. 2945.72(H) a court may grant a continuance upon its own initiative as long as it is reasonable. This provision has been interpreted to permit courts to *sua sponte* continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit. See *State v. Lee* (1976), 48 Ohio St.2d 208, 2 O.O.3d 392, 357 N.E.2d 1095, and *Aurora v. Patrick* (1980), 61 Ohio St.2d 107, 15 O.O.3d 150, 399 N.E.2d 1220.

We embraced this construction in our decision in *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571. In *Mincy,* the trial court scheduled the defendant's trial for the eighty-seventh day after he had been charged, three days before the expiration of the statutory time within which a criminal defendant must be brought to trial. On the trial date, the court *sua sponte* continued the trial and did not record an entry on its journal explaining the reason for the continuance until after the statutory time period had expired. Conceding that "the time limit provisions in R.C. 2945.71 are flexible to a degree," *id.* at 7, 2 OBR at 283, 441 N.E.2d at 572, the court nevertheless held that "[w]hen *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *Id.* at syllabus.

In the case under consideration, it was incumbent upon the prosecutor to bring appellee to trial within ninety days of her being served. The trial court originally scheduled the trial for May 21, 1992, eighty-six days after she had been served. The trial court's grant of the first motion to continue tolled the speedy trial provisions until the new trial date on July 6, 1992. However, the trial court then *sua sponte* continued the trial pursuant to R.C. 2945.72(H) from July 6, 1992 to August 31, 1992, without a time waiver and without recording a judgment entry explaining the reasons for continuing the trial beyond the expiration of the ninety-day period. Indeed, the new trial date appears only as a notice sent to the parties by the trial judge's secretary.

It is axiomatic that "[i]n Ohio a court speaks through its journal." *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183, 184. At a

minimum, the trial court was required to enter the order of continuance and the reason therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. Because this was not done, the trial court erred in overruling appellee's motion to dismiss.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.