DECISION AND JUDGMENT ENTRY
This is an appeal from a sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Yaree Moon, was found guilty of violating the terms of a community control sanction. From that judgment, Moon raises the following assignment of error:
 "THE TRIAL COURT ERRED IN IMPOSING A PERIOD OF THREE YEARS POSTRELEASE [SIC] CONTROL ON DEFENDANT."
On January 21, 1998, Moon was indicted and charged with one count of trafficking in cocaine, in violation of R.C.2925.03 (A) and (C)(4)(a), and one count of possession of cocaine, in violation of R.C. 2925.11 (A) and (C)(4)(a), both fifth degree felonies. Thereafter, appellant pled guilty to possession of cocaine and the state nolled the first count of the indictment. On June 22, 1998, the trial court filed its judgment entry and sentenced appellant to three years of community control subject to the following conditions: (1) that appellant spend six months in the Correctional Treatment Facility; (2) that appellant submit to urinalysis three times per week; (3) that appellant obtain a GED; (4) that appellant obtain employment; (5) that appellant's driver's license be suspended for one year; and (6) that appellant complete an aftercare program upon his release from the Correctional Treatment Facility. The court further notified appellant that a violation of any of the terms of the sentence could lead to a longer or more restrictive sanction, up to and including a prison term of twelve months.
Subsequently, appellant violated the terms of his community control, although the record does not specify the nature of that violation. On November 13, 1998, the court held a hearing on the matter at which appellant admitted to the violation. Accordingly, the court continued the previously imposed community control, terminated the condition that appellant spend six months in the Correctional Treatment Facility and ordered that appellant: (1) submit to urinalysis; (2) participate in drug/alcohol treatment programs; and (3) participate in the TASC program.
Thereafter, appellant again violated the terms of his community control. The matter came on for a hearing on March 24, 1999 at which appellant admitted to a community control violation. On March 26, 1999, the court filed a judgment entry of sentence which held in pertinent part:
 "Defendant was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and community control violation report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12. The Court finds that defendant has been convicted of Possession of Cocaine, a violation of R.C. 2925.11 (A) (C)(4)(a), a felony of the 5th degree.
 "The Court finds pursuant to R.C. 2929.14 (B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term.
 "The Court finds that defendant poses the greatest likelihood of recidivism and THEREFORE imposes the maximum sentence for this offense.
 "It is ORDERED that defendant serve a term of 12 (twelve) months in prison."
It is from that sentence that appellant now appeals.
Appellant contends that the court erred in including in his sentence a post-release control sanction of three years. Appellant asserts that the trial court does not have the authority to impose such a condition when the offense is a fifth degree felony. In making this argument, appellant refers to statements the trial court made at the March 24, 1999 hearing. After imposing on appellant the sentence reflected in the judgment, the court stated:
 "You should understand you're going to prison. Other than the time you've been given credit for, you will serve the remainder of that time. There is no good time credit in Ohio. If you go to prison, you commit a crime in prison, the parole board is going to add time onto your prison sentence, and they do that by adding days of 15, 30, 60 or 90 for every crime committed in prison, and they'll continue to do that until they reach one-half of your maximum stated prison sentence, which will be an additional 6 months if you commit crimes in prison.
 "There will come a point in time when you're going to be released from prison, and then you are going to be out in the community under conditions of supervision to the parole authorities. That will last for 3 years. While you're on what is called postrelease [sic] control, if you violate any condition of supervision by the parole authorities, they will return you to prison for 6 months. That is one-half of your maximum stated prison sentence for each violation.
 "If you're out on postrelease [sic] control and commit a new crime and get convicted of that crime, you'll get a new sentence for that crime, and on top of that, or consecutive to that you'll be returned to prison on this case for the time remaining on postrelease [sic] control or one year, which is ever longer." (Emphasis added.)
Appellant construes the emphasized portion of this passage as adding three years of post-release control to his sentence. We disagree.
In our view, the trial court's pronouncement amounted to nothing more than a warning to appellant of the possible fate awaiting him upon his release from prison.[1] Moreover, it is well-settled that in Ohio a court speaks only through its journal entry. State v. King (1994), 70 Ohio St.3d 158, 162;State v. Eichner (Oct. 8, 1999), Lucas App. No. L-98-1370, unreported. The comments made by the trial court at the sentencing hearing regarding post-release control appear no where in the court's judgment entry of sentence. Accordingly, it is clear that the court never "sentenced" appellant to three years of post-release control and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.
[1] This court recently determined that R.C. 2967.28, the statute granting the Ohio Adult Parole Authority control over the terms and conditions of post-release control, is violative of the doctrines of separation of powers and due process. Woods v. Telb
(June 23, 1999), Lucas App. No. L-99-1083, unreported. That decision, however, is not relevant to the issue presented by this appeal.