[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Terrance Newell appeals from the judgment of the trial court convicting him of aggravated robbery. Newell claims that the lapse in time from his arrest to his trial violated the speedy-trial provisions of R.C. 2945.71, which requires a defendant to be brought to trial for a felony within 270 days of his arrest. Because Newell remained incarcerated after his arrest, each day pending the trial counted as three days. R.C. 2945.71. Thus, the state was required to bring him to trial within ninety days of his arrest, which occurred on August 22, 1998. The ninety-day period would have expired on November 21, 1998, but Newell was not tried until December 9, 1998, eighteen days later.
R.C. 2945.72(H) states in part that the time in which an accused must be brought to trial is extended during "[t]he period of any continuance granted on the accused's own motion * * *." The record contains entries continuing the case against Newell at his request from September 15, 1998, to September 24, 1998; from September 24, 1998, to October 22, 1998; and from October 23, 1998, to November 12, 1998. This court has previously held that continuances at the request of the defendant toll the speedy-trial provisions of R.C. 2945.71. See State v. Stamps
(1998), Hamilton App. Nos. C-970415, C-970416, and C-970417, unreported. Here, the requests were reduced to written form, signed by defense counsel, and entered in the record.
However, Newell argues that the entries of continuance were mere "housekeeping" forms for the court, and that he specifically indicated that he was not waiving his speedy-trial rights when requesting the continuances. The record is devoid of evidentiary material indicating that, at the time the continuances were requested, Newell indicated in any way that he did not want his requests for continuances to waive his speedy-trial rights. Rather, the record shows that on November 12, 1998, when the matter was scheduled for trial, the state requested a continuance due to the unavailability of the state's witnesses. At that time, counsel for Newell asserted that the trial had to be held no later than November 21, 1998.
After consulting the record, the trial court indicated its understanding that speedy-trial rights had been waived during the periods of the continuances requested by Newell. Counsel for Newell then argued that the continuances did not extend the time in which Newell had to be brought to trial because the continuances did not contain any language regarding "waiver."
The trial court rejected Newell's argument, as do we. The statute plainly states that the time provisions in R.C.2945.71 are extended during any period of continuance that the defendant requests. A written entry of continuance, signed by the state, defense counsel and the court satisfies the requirement that a waiver or extension of time that prolongs the time in which the state has to bring the defendant to trial be in writing. SeeState v. King (1994), 70 Ohio St.3d 158, 637 N.E.2d 903, syllabus.
In this case, Newell requested continuances that tolled the running of the speedy-trial period for fifty-seven days, or until January 17, 1999. Newell's trial, held December 9, 1998, was therefore within the time prescribed in R.C. 2945.71.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.