OPINION
Defendant Daniel K. Pontious appeals a judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, which convicted and sentenced him for operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19, after appellant changed his plea from not guilty to no contest. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED ON THE STATE'S FAILURE TO BRING DEFENDANT TO TRIAL WITHIN THE STATUTORY TIME PERIOD SET FORTH IN R.C. 2945.71.
Appellant moved the court to dismiss the charge against him because he alleged the State had failed to bring him to trial in 90 days after his arrest as required by R.C. 2945.71. Appellant chose to change his plea to no-contest after the court overruled the motion. R.C. 2945.17 provides in pertinent part: The time within which an accused must be brought to trial, or in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
 (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 (F) Any period of delay necessitated by a removal or change of venue pursuant to law;
 (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
 (H) The period of any continuance granted on the accused's own motion and the period of any reasonable continuance granted other than upon the accused's own motion.
 (I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.
Appellant concedes his motion to suppress extended the time in which he was to be brought to trial, but urges even deducting the time ascribable to his motion, the State still failed to bring him to trial within the 90 days. Appellant sets forth significant dates as follows: Appellant was originally arrested on January 28, 1999. On April 1, 1999, appellant moved for discovery, and on April 15, 1999, moved to suppress certain evidence. Appellant urges the time from the date of his arrest to the date of his filing the motion to suppress as ascribable to the State, and constitutes 77 days. Appellant's motion to suppress was pending until May 18, 1999, when he withdrew the motion. The court then set matter for jury trial on June 22, 1999. Appellant correctly counts no days against the State for the period of April 15 through May 18, pursuant to R.C. 2945.72 (E). However, he counts each of the days from May 18, 1999, to June 22, 1999, a total of 35 days, against the State, and concludes the State took 112 days to bring him to trial, in violation of the speedy trial statute. At the hearing on the change of plea, appellant moved the court to dismiss on speedy trial grounds. The court responded that it believed the court has a reasonable period of time to get the case on its calendar, and the matter had not been set earlier because of a crowded docket. For this reason, the court found the delay was reasonable, and overruled the motion to dismiss. Unfortunately, the judgment entry setting the trial date for June 22, 1999, did not state the reasons for setting the trial date past the speedy trial limit. When a trial court sets a trial beyond the statutory speedy trial time limit, it must enter an order of continuance and state the reason therefore in a judgment entry filed prior to the expiration of the time limit, see State v. King (1994), 70 Ohio St.3d 158. The assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur