OPINION
On August 30, 1998, following an automobile accident, defendant-appellant, George E. Townsend, was cited for driving under the influence, in violation of R.C. 4511.19(A)(1), driving with expired registration, in violation of R.C. 4503.11, and driving the wrong way on a divided interstate, in violation of R.C. 4511.35. Two days later, at the September 1, 1998 arraignment in the Findlay Municipal Court, defendant requested the appointment of counsel and the arraignment was reassigned to September 15, 1998. On September 4, 1998, defendant entered a written plea of not guilty through counsel and requested a pretrial. The trial court scheduled the pretrial for October 7, 1998. This pretrial report contained a notation that a continuance until October 28, 1998 was requested by the defendant to consider the State's recommendation, marked that the "Time limits pursuant to ORC Section 2945.71 — 73 are hereby waived without limitation," and was signed by defendant's counsel.
The second pretrial was scheduled for November 12, 1998 and the December 16, 1998 pretrial was the third pretrial in this case. Defendant again requested a continuance to January 6, 1999 to consider the State's recommendation. The third pretrial report, signed by defendant's counsel, contained the above words of waiver.
The original jury trial was set for March 25, 1999. However, on March 11, 1999, defense counsel filed a Crim.R. 16 discovery demand and also requested an evidentiary hearing. A judgment entry was filed on March 23, 1999, ordering the blood sample in this case be made available to counsel, withdrawing the motion hearing scheduled, and continuing the scheduled jury trial to a later date at the "Court's earliest convenience." The trial court noted that speedy trial time was tolled.
The new trial date was set for May 13, 1999. However, on May 7, 1999, the State moved for a continuance due to the fact that the prosecutor would be out of town on the scheduled trial date. Upon the State's motion, the trial court continued the trial to its next available trial date, being July 1, 1999. The trial court stated that the continuance was both reasonable and necessary.
On July 1, 1999, the day of defendant's scheduled trial, the State moved for a continuance to refile the citation alleging the additional offense of operating a motor vehicle with a prohibited breath alcohol content in violation of R.C. 4511.19(A)(2). An objection was made by defendant to a continuance on the pending charge. After a short hearing, the trial court granted the continuance. The trial date was then rescheduled to August 19, 1999. On that date, defendant entered a plea of no contest on the charge of operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1). In exchange for defendant's plea, the charges of expired registration and driving the wrong way on a divided interstate were dismissed by the State. Defendant was then found guilty and sentenced accordingly.
The defendant now appeals, raising the following assignment of error:
 The trial court erred in its attempts to grant the defendant his right to a fair and speedy trial, and, furthermore, failed to honor the defendant's right to due process.
Defendant essentially claims that he was denied his right to a speedy and fair trial and was denied due process during the course of proceedings in the case at bar, particularly in light of the fact the State failed to refile the charges for which it had sought its latest continuance.
Pursuant to R.C. 2945.71, Ohio's speedy trial statute, a defendant who is charged with a first-degree misdemeanor must be brought to trial within ninety days after his arrest or the service of summons. The Ohio Supreme Court has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with constitutional speedy trial provisions. State v.King (1994), 70 Ohio St.3d 158, 160, citing State v. O'Brien
(1987), 34 Ohio St.3d 7. However, a defendant's rights to a speedy trial may be waived provided that such waiver is either expressed in writing or made in open court on the record. King,supra, at syllabus. Moreover, a defendant's statutory right to a speedy trial may be waived for purposes of trial preparation, with or without the defendant's consent, by the defendant's counsel.Id. at 160, citing State v. McBreen (1978), 54 Ohio St.2d 315, syllabus.
From the date of defendant's citation to his arraignment on September 1, 1998, two days had elapsed for purposes of calculating the statutory time. The delay as a result of defendant's request for counsel at his arraignment is chargeable to defendant under R.C. 2945.72(C). On October 7, 1998, through his counsel, defendant waived the "[t]ime limits pursuant to ORC Section 2945.71 — 73 * * * without limitation" when a continuance was requested by the defense in order to consider the State's recommendation. Defense counsel then moved for another continuance followed by his motion for discovery. There is no indication that defendant had never been informed, nor had not agreed to these extensions.
Next, the trial court granted the State a continuance prior to the trial date set for May 13, 1999, finding that the new trial date of July 1, 1999 was the product of a reasonable continuance. See R.C. 2945.72(H). Although defendant objected to the State's final continuance on July 1, 1999 and requested the trial to proceed, at most fifty days had elapsed from July 1 to the date he subsequently entered a plea of no contest on August 19. Consequently, from the record before us, the delays did not deny defendant his right to a speedy trial on the first-degree misdemeanor charge. Nor can we find defendant was denied his constitutional rights to a fair trial and due process during the course of these proceedings without a showing of prejudice to the defense resulting from the delay in the proceedings.
Furthermore, consistent with a waiver, the record shows that defendant never raised a speedy trial claim with the trial court. R.C. 2945.73(B) states that such a claim must be raised "[u]pon motion made at or prior to the commencement of trial * * *." Thus, the right to a speedy trial must be asserted in a timely fashion or the issue is waived on appeal. State v. Trummer (1996),114 Ohio App.3d 456, 470-471; Worthington v. Ogilby (1982),8 Ohio App.3d 25, 27.
Accordingly, defendant's assignment of error is overruled and the judgment of the municipal court is affirmed.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.