OPINION
This timely appeal arises, from the judgment of the Southwest Area County Court, Columbiana County, Ohio, finding Appellant guilty of multiple traffic violations including driving while under the influence of alcohol. Appellant specifically challenges the trial court's decision denying his motion to dismiss based on the State's failure to bring him to trial within the time period mandated by R.C. § 2945.71. For the reasons that follow, this Court reverses the judgment of the lower court.
On April 21, 1996, Gerald L. Joy, Jr. ("Appellant"), was charged with Driving While Under the Influence of Alcohol (Third Offense) in violation of R.C. § 4511.19 (A) (1), No Motorcycle Endorsement in violation of R.C. § 4507.02, and Marked Lane violation as proscribed in R.C. § 4511.33. (Impaired Driver Report, State's Trial Exhibit 1). Appellant pled not guilty at his arraignment before the Southwest Area County Court, Columbiana County, Ohio on April 24, 1996 and a trial to the court was scheduled. On May 24, 1996, Appellant filed a jury demand.
Trial was set to begin on June 18, 1996. However, on June 17, 1996, the trial court filed an entry on the docket which reset the trial for July 23, 1996. In response, on July 22, 1996, Appellant filed a motion to dismiss based on an asserted violation of Appellant's right to a speedy trial as codified in R.C. § 2945.71. On July 24, 1996, the trial court entered an order stating, "[j]ury trial scheduled for July 23, 1996 continued. Time tolled to Defendant." (Order, July 24, 1996). By way of a judgment entry dated August 9, 1996, the trial court denied Appellant's motion to dismiss. In that entry, the court stated that the trial scheduled for July 18, 1996, was continued due to the arresting officer being unavailable on that date. The court then stated, "[t]he court was advised orally that counsel for the Defendant agreed that a Waiver of Time would be given in this case. . .". (Judgment Entry, August 9, 1996)
Although the record does not indicate how, the court apparently learned on July 11, 1996, that Appellant would not provide a written waiver. (Judgment Entry, August 9, 1996). The court was unable to reschedule the trial within the statutory time period as the judge was going on vacation the following week and was unable to find an acting judge to hear the case. The court concluded, "[g]iven the foregoing events, the Court hereby finds the Defendant has not been prejudiced by the 3-day delay and overrules Defendant's Motion to Dismiss and this matter shall proceed to trial." (Judgment Entry, August 9, 1996). Appellant was tried and found guilty on September 24, 1996.
It is the trial court's decision overruling Appellant's motion to dismiss which forms the basis for the present appeal. In his sole assignment of error, Appellant argues:
 "The trial court erred in denying appellant's Motion to Dismiss the charges as he was not brought to trial within the time prescribed by Ohio Revised Code 2945.71. The trial court erred in not returning the defendant's driver's license/driving privileges to him upon the appeal of this matter."
In this assignment of error, Appellant argues that the failure of the state to bring him to trial within the ninety days as required by R.C. § 2945.71 violated his statutory as well as constitutional rights to a speedy trial. In response, the State maintains that the trial was scheduled to commence beyond the try-by date of July 20, 1996 only as a result of a purported representation by defense counsel that Appellant would be forwarding a signed waiver of his right to a speedy trial. As such, the only issue before this Court is whether Appellant had in fact waived his right to a speedy trial. Based on the record before us and in light of the relevant controlling authority, we must conclude that Appellant did not waive his right to a speedy trial.
R.C. § 2945.71 (B) (2) provides as follows:
 "A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
 "(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
In reviewing a claim that a defendant's right to a speedy trial was violated, a reviewing court, "merely counts the days chargeable to either side and determines whether the case was tried within the time limits," imposed by the above cited statute. City of Oregon v. Kohne (1997). 117 Ohio App.3d 179. In this case, Appellant was arrested on April 21, 1996. Therefore, R.C. § 2945.71(B)(2) required that Appellant be brought to trial by July 20, 1996. While there are situations, not relevant to the present appeal, where a defendant may be tried outside of the statutory time period, compliance with this statute is otherwise mandatory and its terms are to be strictly construed against the state. State v. Mays (1996), 108 Ohio App.3d 598, dismissed, appeal not allowed, 75 Ohio St.3d 1509;State v. Miller (1996), 113 Ohio App.3d 606.
The Ohio Supreme Court has previously considered the very issue the present appeal implicates; that is, what is necessary for an effective waiver of a defendant's speedy trial rights.
In State v. King (1994), 70 Ohio St.3d 158, the State argued, as it did here, that the defendant's counsel had orally agreed to provide a waiver of speedy trial rights, but no waiver appeared on the record. In holding that the defendant's alleged oral waiver was ineffective, the Supreme Court stated:
 "It is disputed whether appellee's trial counsel orally waived appellee's right to a speedy trial. Be that as it may, aside from the opposing allegations, we are unable to determine the existence in the record of any conclusive evidence regarding waiver. We find the lack of any definitive evidence of waiver of appellee's speedy trial right critical. The conclusion that we draw from O'Brien, and which is suggested by the other cases cited above, is that a waiver of speedy trial rights, must be expressly written or in some form that can be conclusively determined from the record. We see no reason to depart from our previous case law. Therefore, we hold that, to be effective, an accused's waiver of his or her constitutional and statutory right to a speedy trial must be expressed in writing or made in open court on the record."
State v. King, supra, at 161, citing State v. O'Brien (1987),34 Ohio St.3d 7.
Furthermore, this Court has interpreted the holding in King
to mean that, "in order for a waiver of speedy trial rights to be valid, it must be made knowingly and must be made either in writing or upon the record in open court." State v. McColeman
(April 12, 1995), Belmont App. Nos. 92-B-28, 92-B-29, unreported, citing King, supra.
As was the case in King, this Court is unable to determine the existence of any evidence at all in the record to conclusively demonstrate that Appellant waived his right to a speedy trial. In the absence of such evidence, we are compelled to conclude that Appellant's right to a speedy trial, as protected by R.C. § 2945.71, was violated. This conclusion is reached somewhat reluctantly, as it appears that the court may have acted in reliance on some statement by counsel. Absent any affirmative evidence actually in the record here, however, we must reverse the trial court decision. Accordingly, Appellant's sole assignment of error is sustained, the judgment of the lower court is reversed, and the charges against Appellant are dismissed. In light of our disposition of Appellant's speedy trial claim, the remaining issue encompassed in Appellant's sole assignment of error is rendered moot.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ____________________________ CHERYL L. WAITE, JUDGE