OPINION
Defendant-appellant, Lyle Ruggles, appeals his conviction and sentence in the Clinton County Court of Common Pleas following his guilty plea to one count of aggravated robbery in violation of R.C. 2911.01(A)(1). We affirm.
On May 20, 1999, Detective Brian Kratzer of the city of Wilmington Police Department filed a complaint in the Clinton County Court of Common Pleas, Juvenile Division, charging Ruggles with delinquency for the alleged commission of one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony if committed by an adult. The complaint also alleged that Ruggles committed the theft offense while armed with a deadly weapon as defined in R.C. 2923.11[1] "on or about his person or under his control, to wit: a handgun[,] and did display the weapon, brandish it, indicate that he possessed it, or use
said weapon." Pursuant to Juv.R. 30(A) and R.C. 2151.26(B), the state moved the juvenile court to relinquish jurisdiction over Ruggles and bind him over to the general division for trial as an adult.
On June 30, 1999, the juvenile court held a probable cause hearing. Prior to the commencement of testimony, Ruggles stipulated to his birthdate as May 2, 1982.
The state established the following facts at the hearing: On the evening of May 7, 1999, Donato's Pizza, located in the city of Wilmington, received a call for home delivery of pizza. Robert Storer, a delivery person for Donato's Pizza, testified that he left the store to deliver the pizza to apartment "H" at the Foxglove Apartments in Wilmington. Upon his arrival around 10:50 p.m., there were no outside lights turned on. Storer approached what he believed was apartment H. Someone who was crouched down by that apartment told Storer that he was at apartment G. Storer then proceeded to what he then believed was apartment H. As he was about to knock on the door, Storer heard footsteps behind him. When he turned around, Storer testified that three figures were in front of him and the person in the center stuck a gun to his chest, right over his heart and said "give me all the money."
In an effort to protect himself, Storer testified that he placed one hand between his chest and the barrel of the gun. Storer felt the barrel of the gun for three to four seconds and stated that it was a .22 pistol and that it was made of metal. Although he did not see the gun, Storer testified that it was a .22 pistol based upon his prior knowledge and experiences dealing with guns in his private life and through his professional experiences in law enforcement and the military where he had been trained to use pistols. Storer then reached into his pocket and gave the center person his money. The three individuals then ran behind the other apartments. Storer went immediately to a Shell station and called the police.
Detective Brian Katzger testified that he conducted an investigation the following morning at the Foxglove Apartments located in Wilmington, Clinton County, Ohio. A blue bandanna was recovered from the location of the incident.
A couple of days later, Ruggles spoke to a group of people about the incident, one of which was Holly Stout. Stout testified that Ruggles told her and others that he had "ganked" a pizza man at the Foxglove Apartments. Stout explained that "ganked" meant to pull a heist. Ruggles told everyone how they had called and had given a false address for the pizza delivery. They then waited to rob the delivery person.
On May 20, 1999, Mitchell Combs waived his Miranda rights with his mother's consent and voluntarily gave a statement about the robbery to Detective Katzger. According to Detective Katzger,[2] Combs admitted that he and two other males, Lyle Ruggles and Teddy Knisley, waited for the pizza delivery person so they could rob him and then split the money. Combs further stated that Ruggles wore a blue bandanna and was the center person who had the pistol. Combs stated that while Ruggles pulled what he believed to be a toy handgun from his waistband, Ruggles stated "give me the fucking money." No firearm or toy handgun was produced by the state at the hearing.
In a July 8, 1999 entry, the juvenile court bound Ruggles over to the general division of the common pleas court for trial as an adult. Pursuant to R.C. 2151.26 and Juv.R. 30, the juvenile court found the following: (1) the court had jurisdiction over the subject matter and parties; (2) the parties waived proper notice of time, place, and purpose of the hearing; (3) Ruggles was seventeen years old; (4) there was probable cause to believe that Ruggles committed the act alleged in the complaint, one count of aggravated robbery; (5) the act charged is a category two offense; (6) there is probable cause to believe a firearm as defined in R.C. 2923.11 was used in the commission of the offense; and (7) Ruggles had a firearm on or about his person or under his control while committing the act charged and displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
On July 12, 1999, the grand jury indicted Ruggles on one count of aggravated robbery with a firearm specification. Ruggles initially entered a not guilty plea to the charge and firearm specification. As a result of a plea agreement with the state, Ruggles, who was represented by counsel, appeared before the trial court and entered a plea of guilty to the charge of aggravated robbery in exchange for the state recommending that a nolleprosequi be entered on the firearm specification, and recommending that Ruggles receive a five-year sentence and pay restitution to Storer and Donato's.
By its September 20, 1999 entry, the trial court found Ruggles guilty, sentenced him to five years of imprisonment, and ordered him to pay restitution to Storer and Donato's. Ruggles appeals this decision raising four assignments of error. We begin our analysis by addressing Ruggles' first, second, and fourth assignments of error together since they address whether the juvenile court properly bound Ruggles over to the general division of the court of common pleas.
Assignment of Error No. 1:
 THE JUVENILE COURT ERRED IN DETERMINING THAT THE JUVENILE'S BINDOVER TO THE COURT OF COMMON PLEAS WAS MANDATORY AND NOT DISCRETIONARY.
Assignment of Error No. 2:
 THE COURT OF COMMON PLEAS, JUVENILE DIVISION, CLINTON COUNTY, OHIO ERRED IN RENDERING A DECISION AFTER THE CLOSE OF THE STATE'S CASE, AS THE STATE FAILED TO ESTABLISH VENUE OF THE CRIME AS ALLEGED IN THE COMPLAINT.
Assignment of Error No. 4:
 THE JUVENILE COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FOUND PROBABLE CAUSE WHICH WAS MANIFESTLY AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
In these assignments of error, Ruggles contends that the state failed to prove the necessary elements for a mandatory bindover. Ruggles argues that: (1) the state failed to present sufficient evidence that a firearm was used in the commission of the offense or that Ruggles possessed a firearm based upon Storer's testimony; (2) the state failed to prove venue; and (3) the juvenile court gave too much weight to the testimony of Storer and Stout.
At the outset, we note that Ruggles is improperly attempting to have this court review the juvenile court's bindover decision under the standard of proof for sufficiency of the evidence and manifest weight of the evidence used in a trial on the merits, and then equate it to the standard of proof required to establish probable cause in a bindover hearing. When the juvenile court conducts a probable cause hearing, the prosecution need only establish some evidence as to each and every element of the act charged and the bindover requirements of R.C. 2156.26(B)(4)(b). It does not need to establish them beyond a reasonable doubt.
Further, the juvenile court does not find the accused minor guilty beyond a reasonable doubt. It simply finds from the evidence presented the existence of "probable cause to believe." R.C. 2151.26(B); Juv.R. 30(A) and (B). Probable cause is a flexible concept, grounded in probabilities, requiring more than a mere suspicion of guilt but a degree of proof less than that required to sustain a conviction. State v. Iacoma (Mar. 15, 2000), Medina App. No. CA 2891-M, unreported, citing Brinegar v.United States (1949), 338 U.S. 160, 175, 69 S.Ct. 1302.
When reviewing a claim of the absence of probable cause, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. Cf. State v.Anderson (1995), 100 Ohio App.3d 688, 691. Questions dealing with the weight of the evidence and credibility of the witnesses are primarily for the trier of the facts. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
In matters pertaining to children who are alleged to be delinquent, the juvenile court has exclusive jurisdiction. R.C.2151.23(A)(1); State v. Wilson (1995), 73 Ohio St.3d 40, 43. Under certain situations, the mandatory bindover provisions of R.C. 2151.26 remove discretion from the juvenile court and require the case to be transferred to the general division of the common pleas court for prosecution as an adult. R.C. 2151.26(B). One such mandatory bindover situation is where, as in this case, the juvenile is alleged to have used a firearm in the commission of an aggravated robbery.
Pursuant to R.C. 2151.26(B),
 After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
* * *
 (4) The act charged is a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
* * *
 (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
Here, the act charged, aggravated robbery, is a category two offense. R.C. 2151.26(A)(2)(a). Ruggles stipulated to his birth date as May 2, 1982, so he was seventeen years old at the time the aggravated robbery was committed.
We note that while this case was pending, the Ohio Supreme Court decided State v. Hanning (2000), 89 Ohio St.3d 86, wherein the court held that "the mandatory bindover provision of R.C.2151.26(B)(4)(b) does not apply unless the child, himself or herself, had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the crime." Id. at paragraph one of the syllabus. The court further found that "[t]he complicity statute, R.C.2923.03, does not apply to the juvenile bindover criteria set forth in R.C. 2151.26." Id. at paragraph two of the syllabus.
In the present case, Ruggles argues that the state did not prove that a firearm had been used in the robbery or that he had a firearm in his possession. Ruggles argues that the juvenile court gave too much weight to the testimony of Storer, who could not identify him, or identify the gun because the state failed to produce a firearm at the hearing. Ruggles further argues that the juvenile court erred by giving any weight to Stout's testimony because she also testified that Ruggles likes to exaggerate and the statements occurred while a group of people were drinking and smoking marijuana.
Even in the absence of Stout's testimony, there was sufficient evidence for probable cause to believe Ruggles committed the act charged. At the hearing, Storer testified that the person in the center of the three people who had robbed him stuck a .22 caliber pistol to his chest while stating, "give me all the money." In his statement to Detective Katzger, Combs identified Ruggles as the center person who pulled a pistol from his waistband and pointed it at Storer and stated, "give me the fucking money." Storer also testified that he thought it was a .22 caliber pistol based upon his professional experiences with pistols. The juvenile judge noted Storer's testimony and stated that "he's familiar with firearms, his belief that what he touched was a firearm, I find sufficient to constitute probable cause." The juvenile judge found Storer's testimony concerning the gun to be credible, and we as the reviewing court defer to this judgment of credibility. The testimony of Storer and Combs is sufficient to find probable cause to believe that Ruggles possessed a firearm and displayed, brandished, or used a firearm while committing aggravated robbery.
Although the handgun was not recovered, the state need not produce the actual firearm at a trial, let alone at a probable cause hearing. Circumstantial evidence from implicit threats or representations and actions of the individual exercising control over the firearm are sufficient. State v. Roettgers (Apr. 18, 1989), Clermont App. No. CA87-10-081, unreported (uncorroborated testimony of the victim is sufficient for a jury to infer a firearm). See, also, R.C. 2923.11(A)(2).[3]
Ruggles further argues that the state failed to present evidence that the aggravated robbery took place in Clinton County, Ohio, and therefore failed to prove venue. Ruggles contends that as a result, the juvenile court should have sua sponte dismissed his case.
"Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." State v. Headley (1983),6 Ohio St.3d 475, 477. Venue may be proven in express terms or may be established from the totality of the facts and circumstances of a case. Id.
Storer testified that the robbery occurred at the Foxglove Apartments in Wilmington. Detective Katzer testified that he conducted an investigation of the robbery the following morning at the Foxglove Apartments in Wilmington, Clinton County, Ohio. Accordingly, the state proved venue.
We therefore find that the juvenile court applied the facts to the appropriate legal standard, and that there was sufficient evidence presented to show that the juvenile court had probable cause to believe that Ruggles committed aggravated robbery and at the time possessed and displayed a firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the crime.
In light of foregoing, and the well-known rule that a court speaks through its journal entries, in which the juvenile court's order found probable cause to believe the necessary elements for a mandatory bindover under R.C. 2151.26(B)(4)(b) were proven, we find no error. See State v. King (1994), 70 Ohio St.3d 158, 162. The first, second, and fourth assignments of error are overruled.
Assignment of Error No. 3:
 THE RECORD DOES NOT SUPPORT THE SENTENCE AND THE SENTENCE IS OTHERWISE CONTRARY TO LAW.
In his third assignment of error, Ruggles challenges the sentence imposed by the trial court and presents three issues for our review. Ruggles contends that: (1) the trial court abused its discretion by not referring him for a presentence investigation; (2) the record does not support the findings of likely recidivism; and (3) the trial court erred by sentencing him to more than the minimum sentence.
Before this court can consider the issues raised by Ruggles, we must first determine whether his sentence may be appealed. R.C.2953.08(A) permits a defendant who is convicted of a felony to appeal the sentence imposed by the trial court under certain circumstances, except as provided in division (D) of that section. Pursuant to 2953.08(D), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
The record reveals that the state and Ruggles entered into a plea agreement. The entry of guilty plea stated that:
 [n]o promises have been made except as part of the plea agreement stated entirely as follows: The State will recommend that the defendant be incarcerated for a period of (5) five years at the Ohio Department of Rehabilitation and Corrections. The defendant shall make restitution to Robert Storer and Donato's Pizza in a sum to be determined. In consideration of said plea of guilty herein, the State will recommend to the Court to enter a Nolle Prosequi as to Specification No. 1 contained in the indictment.
Before entering his guilty plea, the trial court confirmed the terms of the plea agreement with Ruggles and that he had the opportunity to read and discuss the "entry of guilty plea" form with his attorney. As such, Ruggles and the state jointly recommended his sentence to the trial court.
After Ruggles entered his guilty plea, the trial court imposed precisely the sentence set forth in the plea agreement and entered a nolle prosequi on the firearm specification. Accordingly, if the prison term is "authorized by law," Ruggles has no right to challenge his negotiated sentence that was recommended to the trial court and imposed by the sentencing judge. See id.
We have previously held that a negotiated sentence imposed by the trial court is "authorized by law" as long as the prison term imposed does not exceed the maximum term prescribed by statute for the offense. State v. Henderson (Sept. 27, 1999), Warren App. No. CA 99-01-002, unreported, at 4-5; State v. Stacy (May 10, 1999), Warren App. No. CA98-08-093, unreported, at 9. See, also, Statev. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported, discretionary appeal not allowed (1999), 85 Ohio St.3d 1495. For a first-degree felony, a trial court shall impose a definite sentence of from three to ten years. R.C. 2929.14(A). In addition, the trial court may order restitution to the victim in an amount based upon the victim's economic loss and impose a fine of not more $20,000 for a first-degree felony. R.C. 2929.18(A)(1) and (3)(a).
Here, Ruggles' five-year sentence and the amount of restitution are well within the statutory provisions. As such, Ruggles' sentence did not exceed the statutory range and was therefore "authorized by law" under R.C. 2953.08(D). See Stacy at 9. In light of the foregoing, we find that Ruggles' sentence is not subject to appellate review pursuant to R.C. 2953.08(D) since he knowingly and voluntarily entered into the plea agreement. Accordingly, Ruggles' third assignment of error is overruled.
Judgment affirmed.
 __________________________ VALEN, J.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2923.11(B) states, "'[f]irearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm `that is inoperable but that can readily be rendered operable." R.C.2923.11(C) states "'[h]andgun' means any firearm designed to be fired while being held in one hand."
[2] Detective Katzger testified to the contents of Mitchell Combs' statement because Combs at the probable cause hearing invoked his Fifth Amendment right and chose not to answer questions dealing with the robbery.
[3] R.C. 2923.11(A)(2) states, "[w]hen determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."