OPINION
Defendant-appellant Michael Kitchens appeals from his conviction and sentence on three counts of Attempted Rape and one count of Aggravated Burglary, following a negotiated plea of guilty. Kitchens contends that the trial court erred by accepting his plea. He contends that he did not knowingly and intelligently waive his rights under Ohio's speedy trial statute, R.C. 2945.71, et seq.; that the trial court erred by failing to ascertain that he knowingly waived those rights; that his trial counsel was ineffective by having permitted him to accept a plea bargain without first having pursued his rights under the speedy trial statute; and that the trial court erred by failing to determine that Kitchens understood that he was ineligible for judicial release.
We conclude that the trial court is not required, pursuant to Crim.R. 11, to ascertain that a defendant understands that by pleading guilty he is waiving any rights he may have under the speedy trial statute; that a defendant, in pleading guilty, is not required to waive specific defenses or remedies, such as a speedy trial claim; that the record does not support Kitchens's claim that his trial counsel was ineffective, since it appears from the record that Kitchens obtained a substantial reduction of his criminal exposure in exchange for giving up an arguable speedy trial claim; and that, when Kitchens pled guilty, he was not ineligible for judicial release, so that the trial court was not required to ascertain that he understood that he was ineligible. Accordingly, the judgment of the trial court is Affirmed.
 I
Kitchens was arrested and charged with three counts of Attempted Rape, one count of Attempted Burglary, one count of Kidnapping, and one count of Felonious Assault. He was arrested on July 3, 2001. He requested discovery on July 11, 2001, and moved for a bill of particulars on July 17, 2001. On July 17, 2001, the State responded to his request for disclosure, and on July 18, 2001, the State provided a bill of particulars.
The State moved for a joint trial of the charges on July 25, 2001. The charges of Kidnapping and Felonious Assault were pending in a separately numbered case from the other charges.
It appears that trial was set for October 12, 2001. The State contends that at sometime before trial, Kitchens requested a continuance, which the trial court approved. However, there is nothing in the record reflecting either that Kitchens sought a continuance, or that a continuance was granted.
On October 12, 2001, the day set for trial, Kitchens tendered a plea of guilty to the three Attempted Rape charges and to the one Aggravated Burglary charge. In exchange, the State dismissed the Kidnapping and Felonious Assault charges, and did not oppose a sentence aggregating 18 years. The trial court accepted the plea. Subsequently, Kitchens was sentenced to eight years on each of the three Attempted Rape convictions, to be served concurrently, and to ten years on the Aggravated Burglary conviction, to be served consecutively with the other sentences, thereby aggregating 18 years' total imprisonment.
From his conviction and sentence, Kitchens appeals.
 II
Kitchens' First and Third assignments of error are as follows:
 "A PLEA THAT IS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE DOES NOT WAIVE SPEEDY TRIAL RIGHTS."
 "THE COURT FAILED TO COMPLY WITH CRIM.R. 11 IN TAKING THE DEFENDANT'S PLEA."
From July 3, 2001, the date of Kitchens's arrest, until October 12, 2001, his scheduled trial date, when he pled guilty, instead, is a period of 101 days. It appears that Kitchens was incarcerated during this period, so that these 101 days, triply counted pursuant to R.C. 2945.71(E), exceed the 270 days allowed by R.C. 2945.71(C)(2). Kitchens argues that by pleading guilty, he effectively waived his right to a speedy trial, but that he did not do so knowingly, intelligently and voluntarily, and he was not advised of his speedy trial rights by the trial court when he tendered his plea.
If Kitchens's speedy trial rights were violated, as he argues, the violation occurred on the ninety-first day that he was held in custody, without having been brought to trial. After that date, his speedy trial rights had already been violated. R.C. 2945.73 provides a statutory remedy for the violation of speedy trial rights discharge, with prejudice. Thus, Kitchens cannot be said to have waived his right to a speedy trial when he pled guilty, since that right had already been violated. Instead, Kitchens was waiving the statutory remedy provided in R.C. 2945.73 for a violation of that right.
This is analogous to an alleged violation of a defendant's Fourth or Fifth Amendment rights. If a defendant is the subject of an unlawful search and seizure, or if he has been compelled to answer police questioning, his Fourth or Fifth Amendment rights are already violated. He may pursue a remedy for those violations by filing a motion to suppress the evidence or statements unlawfully obtained. In taking a plea of guilty, a trial court is not required to ascertain that a defendant has an arguable motion to suppress that he could have made; neither is the trial court required to ascertain that a defendant has an arguable motion for discharge, pursuant to R.C. 2945.73. Those are all remedies for rights that have already been violated. Crim.R. 11 requires a trial court to ascertain that a defendant understands, and agrees to waive, rights that have not yet been violated. These include the right to trial, the right to counsel, the right to call witnesses, etc. These are the rights that must be knowingly, intelligently and voluntarily waived as part of a guilty plea, and the record reflects that these rights were waived, in accordance with Crim.R. 11.
State v. King (1994), 70 Ohio St.3d 158, upon which Kitchens relies, involved a no-contest plea made after a motion to dismiss upon speedy trial grounds had been made and denied. Prejudicial errors in ruling on pretrial motions survive a no-contest plea. Crim.R. 12(I). In the case before us, by contrast, there was no motion for discharge, and Kitchens pled guilty, not no contest.
Kitchens's First and Third assignments of error are overruled.
 III
Kitchens's Second Assignment of Error is as follows:
 "A GUILTY PLEA MAY MUST BE VACATED WHERE, BUT FOR THE INEFFECTIVENESS OF COUNSEL, THE PLEA WOULD NOT HAVE BEEN MADE."
Kitchens argues that his trial counsel was ineffective in having allowed him to plead guilty, without first having moved for discharge under Ohio's speedy trial statute, R.C. 2945.73. We cannot find, from this record, that Kitchens's trial counsel was constitutionally ineffective.
In the plea bargain in this case, there was substantial consideration for Kitchens's guilty plea. The State dismissed Kidnapping and Felonious Assault charges, and did not object to a sentence aggregating 18 years. Of course, by pleading guilty without having first moved for a speedy trial discharge, Kitchens effectively abandoned any possibility of obtaining a speedy trial discharge.
The issue is not whether, in hindsight, this court would have found well-taken a motion for a speedy trial discharge. If there is some reasonable possibility that that motion might have been lost, then we cannot say that Kitchens's trial counsel was ineffective in having allowed Kitchens to accept the plea bargain, and thereby forego an opportunity to obtain a speedy trial discharge.
R.C. 2945.72(H) excludes from the time within which an accused must be brought to trial: "The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." The State contends that Kitchens sought, and obtained, a continuance of the trial date, which was originally scheduled for August 30, 2001. There is nothing in the record to reflect that. In State v. Mincy (1982), 2 Ohio St.3d 6, at 9, the Ohio Supreme Court held that: ". . . when sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." (Italics in original.) Thus, it appears that the Ohio Supreme Court, in Mincy, has distinguished between a continuance granted by the trial court sua sponte, and a continuance granted upon the accused's own motion. There are sound reasons for this distinction in R.C. 2945.72(H), since any period of a continuance granted on the accused's own motion is excluded from the speedy trial time, whereas onlyreasonable periods of continuances granted other than upon the accused's own motion are so excluded. Documenting that a sua sponte continuance has been granted reasonably is more involved than documenting simply that a continuance was upon the accused's own request.
In State v. King, supra, upon which Kitchens relies, the Ohio Supreme Court held that: ". . . to be effective, an accused's waiver of his or her constitutional and statutory right to a speedy trial must be expressed in writing or made in open court on the record." In that case, the Ohio Supreme Court found that the record did not reflect an express written waiver of the defendant's rights to speedy trial in open court. The Ohio Supreme Court went on, however, to determine whether a sua sponte continuance had violated the defendant's right to a speedy trial, reiterated the position it took in State v. Mincy, supra, that where a sua sponte continuance is entered, the order of continuance "and the reason therefor" must be entered by journal entry prior to the expiration of the time limit," and concluded that this had not been done.
In the case before us, had Kitchens moved for a speedy trial discharge before having pled guilty, the State presumably would have sought to establish, on the record, that Kitchens had sought, and obtained, a continuance of the original trial date. If the trial court were to agree with the State that Kitchens had, in fact, sought and obtained a continuance of the original trial date, the issue would then be whether a continuance at the request of the accused, unlike a sua sponte continuance, can be documented, nunc pro tunc, after the speedy trial time has run. We are not presently called upon to decide that issue. We merely determine that this issue is sufficiently in doubt that Kitchens's trial counsel was not ineffective in having permitted Kitchens to enter into a plea agreement wherein his possibility of obtaining a speedy trial discharge was exchanged for the dismissal of serious charges, and the State's waiver of any objection to an aggregate sentence of 18 years. In our view, trial counsel's constitutional ineffectiveness cannot be ascertained from this record. Furthermore, the record before us is not inconsistent with the possibility that Kitchens and his trial counsel discussed the likelihood of obtaining relief under the speedy trial statute, under these circumstances, and concluded that that likelihood was not so great as to render the plea bargain unattractive.
Kitchens's Second Assignment of Error is overruled.
 IV
Kitchens's Fourth Assignment of Error is as follows:
 "THE TRIAL COURT FAILED TO COMPLY WITH CRIM. R. 11(C) WHEN IT FAILED TO DETERMINE THAT THE APPELLANT UNDERSTOOD THAT HE WAS INELIGIBLE FOR JUDICIAL RELEASE."
Unless an uncompleted mandatory prison term is involved, a person is eligible for judicial release if that person is serving a stated prison term of ten years or less. R.C. 2929.20(A). Because Kitchens was sentenced to a prison term aggregating 18 years, he was not eligible for judicial release.
Kitchens relies upon State v. Pape (November 21, 2001), Clark App. No. 2000-CA-98, for the proposition that the trial court erred in accepting his plea when it did not inform him that he was ineligible for judicial release. In that case, the defendant pled guilty to an offense for which a prison term was mandatory. Consequently, at the time of his plea, the defendant in that case became ineligible for judicial release. This court held that the trial court was required, by Crim.R. 11(C)(2)(a), to determine that the defendant understood that he was not eligible for judicial release. Crim.R. 11(C)(2)(a) provides as follows:
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
In State v. Pape, supra, we held that: ". . . implicit in the duty imposed by Crim.R. 11(C)(2)(a) to determine that the defendant understands that he is ineligible for community control sanctions is the further duty to determine that he also understands that he is ineligible for judicial release, which results in the imposition of community control sanctions."
In the case before us, in contrast with Pape, supra, the defendant was not ineligible for judicial release when his plea was tendered and accepted. He only became ineligible for release as a result of the trial court's exercise of its sentencing discretion to impose a sentence longer than ten years. The trial court could not have informed Kitchens, at the time of his plea, that he was ineligible for judicial release, without having predetermined his sentence, something the trial court certainly should not be required to do. Consequently, we distinguish the situation in the case before us from the situation in Pape, supra. At the time Kitchens's guilty plea was tendered and accepted, he was not ineligible for judicial release; his eligibility for judicial release had not yet been determined. Accordingly, the trial court was not obligated to determine that Kitchens understood that he was ineligible for judicial release.
Kitchens's Fourth Assignment of Error is overruled.
 V
All of Kitchens's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.