**State v. Ball
Case No. 57903
Cuyahoga County, (8th)
Decided February 15, 1990**
[Cite as 1 AOA 293]

*For Plaintiff-Appellee:*
John T. Corrigan, Cuyahoga County Prosecutor, By: Charles J. Bauernschmidt, Assistant County Prosecutor, The Justice Center, 1200 Ontario, Cleveland, Ohio 44113.

*For Defendant-Appellant:*
Leo C. DiEgidio, 9735 Valley View Road, Macedonia, Ohio 44056.

*PER CURIAM*

On March 24, 1989, appellant pled guilty to two counts of trafficking in drugs, in violation of R.C. 2925.03(A)(1) and R.C. 2925.03(A)(5). On appeal, appellant alleges that his plea was not entered voluntarily, and that the trial court erred in denying his motion to dismiss for failure to comply with the speedy trial statute.

Initially, it is argued that appellant's guilty plea was not entered voluntarily since the trial court was actively involved in the plea bargaining process. Upon review of the record, we agree.

The record provided herein demonstrates that the trial judge went to great lengths to intimidate appellant into accepting a plea bargain. We find that the trial judge's participation and intervention in the plea bargaining process affected the voluntariness of appellant's guilty plea. *State* v. *Byrd* (1980), 63 Ohio St.2d 288, 293.

Additionally, we find that the record reflects error in the state's recommendation of sentence to the trial judge. In this case, appellant should have received a mandatory fine of $2500 for violation of R.C. 2925.03(A)(1). R.C. 2925.03(H)(4). The record reveals that the state waived the fine in exchange for appellant's guilty plea. The trial judge apparently accepted the waiver as an accurate recommendation of the sentence to be imposed.

Crim. R. 11(F) does not provide for negotiation by the state with respect to the sentence or punishment to be imposed, but refers only to negotiated pleas. *State* v. *Mathews* (1982), 8 Ohio App.3d 145, 146. Punishment for a crime is a matter determined either by statute or through the exercise of the court's discretion. *Id.*

The fine imposed for violation of R.C. 2925.03(A)(1) is mandatory, and, as such, not a matter subject to the grounds for a plea bargain. See R.C. 2925.03(H)(4). The only exception applicable to the imposition of this mandatory fine is contained in R.C. 2925.03(L), which provides for waiver of the fine for indigents. An application of indigency was not filed in this case.

The failure to inform appellant that a violation of R.C. 2922.03(A)(1) called for imposition of a mandatory fine tainted the plea entered by appellant. In complying with the provisions of Crim. R. 11(C), Ohio requires that the appellant be advised of the maximum possible penalty for the charged offense. *State* v. *Gibson* (1986), 34 Ohio St.3d 146, 147. Prior to the entry of the guilty plea, the state advised the court on the record that appellant would not be responsible for the mandatory fine applicable to a violation of R.C. 2925.03(A)(1); thus, appellant's guilty plea was not made knowingly and with full disclosure of the maximum penalty for the charged offense. *State* v. *Gibson, supra.*

Having determined that appellant did not enter a knowing and voluntary guilty plea to the charged offenses, we must vacate the plea.[1]

As a second matter, we now address the issue of whether appellant's statutory speedy trial rights were violated. The entry of a valid guilty plea under Crim. R. 11 normally acts as a waiver of an appellant's right to raise that issue on appeal. *Montpelier* v. *Greeno* (1986), 25 Ohio App.3d 170; *State* v. *Branch* (1983), 9 Ohio App.3d 160. However, appellant moved in the trial court for dismissal of the charges against him based upon a violation of R.C. 2945.71(C)(2).

The trial court denied this motion on March 24, 1988; the same day appellant entered his guilty plea. The denial of this motion was properly made part of appellant's notice of appeal to this court. See App. R. 12. Since the guilty plea entered by appellant has been vacated as a nullity, we will address appellant's second assignment of error relative to the violation of his statutory speedy trial rights. Cf. *State* v. *Kelly* (Nov. 2, 1989), Cuyahoga App. No. 55905, unreported (speedy trial claim not addressed on appeal where the involuntary guilty plea was vacated after review of the record under the authority of Crim. R. 52).

Appellant was arrested on charges of drug trafficking on June 22, 1988, and, released the same day on bond. He was arraigned on August 11, 1988, and pled not guilty to the charges issued against him. Although there is no indication in the record that a pre- trial was scheduled, one was held on November 16, 1988.

Appellant was not present at the November 16, 1988 pre-trial, and, maintained throughout the trial court proceedings that he was never notified of that pre-trial conference. Nonetheless, the trial court issued a capias for appellant's arrest for failure to appear.

The next pre-trial was scheduled on December 5, 1988. Appellant, and his counsel, appeared before the trial judge on that day to discuss matters consistent with a criminal pre-trial. Again, there is no indication as to when or in what manner this pre-trial was scheduled. At the close of the pre-trial, the trial judge had appellant arrested under the capias since he had failed to show up at the previous pre-trial.

Appellant was incarcerated until January 20, 1989. Finally, on March 24, 1989, appellant entered a guilty plea to the charges against him. At the time, the trial judge also denied appellant's motion to dismiss for failure to comply with R.C. 2945.71. We find appellant's contention that the trial court erred in not dismissing the charges to be meritorious.

The speedy trial time began to run in this case on June 22, 1988. R.C. 2945.71(C)(2). The tolling or extension of time under the speedy trial statute is governed by R.C. 2945.72, and those provisions are to be strictly construed against the state. *State* v. *Singer* (1977), 50 Ohio St.2d 103, 109; *State* v. *Geraldo* (1983), 13 Ohio App.3d 27, 28. Once an appellant has demonstrated to the court that two hundred and seventy speedy trial days have expired under R.C. 2945.71(C)(2), he has established a *prima*

*facie* case for discharge under R.C. 2945.73(B). *State* v. *Geraldo*, *supra*, at 28.

From the time of appellant's arrest on June 22, 1988, until the time when he entered his guilty plea on March 24, 1989, two hundred and seventy-five speedy trial days passed. This computation does not even include the triple-count application to the forty-six days that appellant spent incarcerated from December 5, 1988 to January 20, 1989. R.C. 2945.71(E).

Moreover, we find nothing in the record to indicate that the speedy trial time was effectively tolled. There are a litany of journal entries in the record which reflect that various pre-trials were held after appellant's release from jail. For each journal entry, the trial court obviously felt completely at ease with not making one notation as to the reason for continuance, nor is there any indication that it was appellant who actually requested the same. *State* v. *Benson* (1985), 29 Ohio App.3d 321, 322-323; *State* v. *Geraldo*, *supra*, at 30-31.

Clearly, the trial judge ignored the mandates of the Ohio Supreme Court, as well as this court, and compounded the error by making a last ditch attempt to have the continuances charged against appellant by journalizing them on March 23, 1989; one day before he entered his guilty plea. The pre-trials which had allegedly been granted at appellant's request occurred from December 1988 to March 1989, but were never journalized by the court until the day prior to final disposition of the matter.

It is well settled that a trial court may not wait until after expiration of the speedy trial period to file journal entries which purport to toll the statutory speedy trial time. *State* v. *Mincy* (1982), 2 Ohio St.3d 6, 8; *State* v. *Benson*, *supra*; *State* v. *Burks* (May 4, 1989), Cuyahoga App. No. 55271, unreported, at 5. There is not one document in this record to support the conclusion that appellant ever requested any of the continuances listed in the file. Even if he had, the journal entries which listed the continuances were defective.

The only event which occurred throughout these proceedings which could ordinarily have been charged against appellant's speedy trial time was the issuance of a capias. In those situations where a capias is issued, however, the facts of the case indicate that the accused has carried out some over act to avoid presenting himself to the court, attempted to flee the jurisdiction, or caused a scheduled trial date to be continued. See *State* v. *Bauer* (1980), 61 Ohio St.2d 83, 85; *State* v. *Palestin Williams* (June 18, 1987), Cuyahoga App. Nos. 52297-52301, unreported; *State* v. *Lockett* (Feb. 18, 1988), Cuyahoga App. No. 53334, unreported. None of those circumstances is present in this case.

We find merit in appellant's assertion that he was denied his statutory right to a speedy trial pursuant to R.C. 2945.71(C)(2). The trial judge abused the judicial process, and denied this appellant his rights as provided for under the laws of this state. Therefore, we find ourselves compelled to order that appellant be discharged.

Judgment accordingly.

This cause is reversed and remanded for further proceedings consistent with this journal entry and opinion.

It is, therefore, considered that said appellant(s) recover of said appellee(s) his costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

JOHN V. CORRIGAN, JUDGE
ANN DYKE, JUDGE
JOSEPH J. NAHRA, JUDGE

---

[1] An additional error exists with respect to the judgment entry of the court following its finding of guilt and imposition of sentence. The entry reads that appellant was found guilty on one count of possession of criminal tools in violation of R.C. 2923.24. While appellant was originally charged with this offense, the state nolled the count as part of the plea bargain. The trial judge was aware that the charge was nolled and appellant was not convicted on that count. Thus, the journal entry contains a clerical error as to that charge.