OPINION
Defendant-appellant, Michael Morgeson, appeals his conviction for assault, claiming he was denied a fair and impartial hearing when he entered a no contest plea to the charge.
Following an initial plea of not guilty, appellant's case was scheduled for trial on October 2, 1996. When the case was called, appellant, who was proceeding without benefit of counsel, asked for a continuance because his wife, who allegedly witnessed the "road rage" that gave rise to the charge, was ill and unavailable to testify.
During the ensuing discussion, the court attempted to ascertain whether appellant had voluntarily relinquished his right to counsel. Appellant repeated his requests for a continuance until the following exchange occurred:
 THE COURT: * * * Is it your intention to contest this matter?
THE DEFENDANT: It was — yes, sir.
THE COURT: So you want a trial?
 THE DEFENDANT: At this point I guess I do. No, sir, give me the pen, I'd just as soon get this over, sir. I'm pleading no contest.
The court then heard a recitation of facts from both appellant and the victim before finding appellant guilty. Appellant was sentenced of record and timely appealed.
In a single assignment of error, appellant claims he was denied a fair and impartial hearing by the trial judge. In support thereof, appellant claims the trial court: (1) repeatedly ignored his requests for a continuance, (2) badgered and pressured appellant into changing his plea, (3) improperly considered a prior charge of which appellant had been acquitted, and (4) was biased against appellant as reflected in the court proceedings and subsequent judgment.
In essence, appellant claims the trial court violated its role as an impartial arbitrator and actively coerced and compelled appellant to change his plea. As a general rule, a plea can be rendered void where the trial judge actively participates in the plea process in such a manner as to intimidate the accused into entering a specific plea. See State v. Byrd (1980), 63 Ohio St.2d 288; State v. Ball (1990), 66 Ohio App.3d 224.
The transcript reveals that the trial court first inquired as to whether appellant was knowingly and voluntarily waiving his right to an attorney. The court then attempted to determine whether the matter could proceed on a no contest plea or if appellant was electing to try the charge without the assistance of counsel. Throughout this process, appellant indicated he wanted a continuance so that his witness could testify. When the court asked appellant whether he intended to contest the charge, appellant suddenly changed his plea. There is no indication that the court "ignored" appellant's request for a continuance or that either the judge or prosecuting attorney pressured appellant into changing his plea.
After the trial court found appellant guilty, it inquired about his prior criminal record. While appellant's past record was discussed, there was some confusion as to whether one particular charge — which did not result in a conviction — had been filed against appellant or his son. Regardless, appellant's prior record in general and this specific charge in particular was not relied upon by the trial court in adjudicating guilt. The court considered appellant's prior record solely for purposes of sentencing and only after a finding of guilt had been made.
Finally, we can perceive nothing in the record which would suggest bias by the trial court at any point in the proceedings. Rather, it is readily apparent that appellant's no contest plea was knowingly, intelligently and voluntarily made and was not invalid. See State v. Cain (Nov. 23, 1992), Clermont App. Nos. CA92-05-055-056, unreported.
The assignment of error is not well-taken and is hereby overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.