JOURNAL ENTRY AND OPINION
Defendant-appellant Michael Lett (Lett; d.o.b. August 21, 1967) appeals from the trial court's denial of his motion to dismiss the charge based on a lack of a speedy trial. For the reasons adduced below, we reverse and vacate the conviction.
A review of the record on appeal indicates that Lett was arrested on May 22, 2000, was bound over to the Grand Jury subsequent to a preliminary hearing, and was indicted on July 27, 2000 on one count of robbery involving the theft of seven dollars from the victim. The July 27, 2000 indictment reflects that the prosecutor requested the Clerk of Court to issue a warrant on the indictment for Lett.
Within the record on appeal are two arraignment hearing status forms. The first arraignment form indicates an arraignment hearing was attempted to be conducted on July 28, 2000 at which time the arraignment judge issued a capias for Lett, who was obviously not present at the hearing. The second arraignment was conducted on August 7, 2000 at which time Lett appeared, pled not guilty, was assigned counsel, and had bond set. The results of this second arraignment were memorialized by the trial court in its order journalized on August 15, 2000. It is conceded by the parties that Lett was unable to make bond and remained incarcerated in county jail following his arrest.
By order journalized on August 17, 2000, the trial court stated the following, Capias issued on 7/28/00. Other comments: ORP — Warrant on indictment issued.
Also on August 17, 2000, the trial court conducted a pre-trial conference and continued the pre-trial to August 25, 2000 at 9:00 a.m. at request of defendant. See order journalized on August 24, 2000.
On August 25, 2000, the trial court issued an order stating the following: Pre-trial held. Trial set for August 28, 2000 at 9:00 a.m. at the defendant's request. See order journalized on August 30, 2000.
On August 28, 2000, the trial court issued the following order: Trial continued to August 30, 2000 at 9:00 a.m. at request of defendant. Defendant's attorney unavailable. See order journalized on September 1, 2000.
On August 29, 2000, one day prior to the scheduled trial, Lett, acting pro se while incarcerated at the county jail, filed a motion to dismiss the indictment for failing to commence the trial within ninety days of his arrest.
On August 30, 2000, the day of trial, the trial court conducted a plea hearing. At this hearing, Lett advised the court of his speedy trial motion filing, orally renewed the motion, and questioned why the court resorted to the issuance of a capias on his person. Tr. 5. When asked about the issuance of a capias[1], defense counsel advised the court that the issuance of the capias had to be an error because Lett had been in county jail since the time of his arrest. Tr. 6-8. Defense counsel also iterated that, with reference to the continuance of a pre-trial on August 17, 2000, the case was continued only for the reason that Lett, who had been ordered up to the courtroom for the conference, was not, in fact, brought up, but that defense counsel did participate in a pre-trial on August 17 without Lett being present. Lett's co-defendant was mistakenly brought up by the sheriff deputies in place of Lett, therefore the continuance was allegedly not done at defendant's request but was occasioned by the mistake of the deputies. Tr. 8. The prosecutor argued that Lett's speedy trial time was tolled for two reasons: (1) from August 28, 2000 to the time of the plea hearing (August 30, 2000) because counsel was unavailable; or (2) from August 17, 2000 to the time of the plea hearing (August 30, 2000) because the defendant requested the continuance of the August 17th pre-trial conference, see order journalized on August 24, 2000. Tr. 9. Lett volunteered that his counsel told him that there were no continuances which were the fault of the defense, that Lett's confinement past his speedy trial deadline was because Lett was mixed up in the shuffle of paperwork or whatever. . Tr. 10. The trial court then denied the motion to dismiss. Tr. 10. The court then entertained the change in plea. During this part of the hearing, it was agreed that the change in plea would be entered on the condition that Lett reserved the right to appeal the adverse speedy trial ruling; this condition was agreeable to counsel for the parties and the trial court. Tr. 10-12, 13-14, 18. The trial court issued the following order:
 Defendant in court with counsel, Paul Mancini (sic) and prosecuting attorney Brian Mooney. Defendant was advised of all constitutional rights and penalties. On recommendation of the prosecutor indictment is amended to include attempt.
 Defendant retracts former plea of not guilty and enters a plea of guilty to attempt (sic) Robbery RC 2923.02/2911.02 F-4 (Senate Bill 2) as amended in the indictment. Court finds the defendant guilty. The defendant is referred to the county probation department for a pre-sentence investigation report.
Sentencing set for September 27, 2000 at 9:30 a.m.
See order journalized on September 1, 2000.
Also on August 30, 2000 the trial court issued a second order, denying the motion to dismiss the indictment, adding, Defense attorney requested a continuance on August 17, 2000 to August 25, 2000; Capias was issued on July 28, 2000 by arraignment room (both incidents tolled the time). See order journalized on September 11, 2000.
Lett was sentenced on September 27, 2000 to a term of six months incarceration, plus court costs, with 128 days of credit for time served. See order journalized on October 2, 2000.
Lett filed his notice of appeal on October 6, 2000 from the October 2, 2000, sentencing order.
Lett's lone assignment of error provides:
 MR. LETT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AS IMPLEMENTED BY R.C. 2945.71 THROUGH .73, AND MR. LETT'S GUILTY PLEA DOES NOT WAIVE THE ISSUE BECAUSE MR. LETT WAS MISLED AND DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL, THE COURT AND THE PROSECUTOR AGREED THAT HE COULD PLEAD GUILTY AND STILL APPEAL THE DENIAL OF HIS MOTION FOR DISCHARGE.
The speedy trial law in Ohio declares the time begins to run the day following the offender's arrest. R.C. 2945.71. See, Stateon v. Gabel (Oct. 31, 1996), Cuyahoga App. unreported, 1996 Ohio App. LEXIS 4771 at 5, citing, State v. McCornell (1993), 91 Ohio App.3d 141, 145,631 N.E.2d 1110. Thus, in Lett's case, his speedy trial time commenced running on May 23, 2000. Also, the court triple counts each day Lett was in jail in lieu of bail solely on the pending charge. R.C. 2945.71(E). Since Lett was held in jail solely on the offense sub judice, without making bail, he had ninety days within which to be brought to trial. In other words, Lett's trial was required to be commenced no later than Monday, August 21, 2000, unless that period was tolled.[2]
In analyzing the procedural timeline record of the case we are required to strictly construe any ambiguity in the record in favor of the accused. State v. Johnson (Mar. 8, 2001), Cuyahoga App. No. 78097-78099, unreported, 2001 Ohio App. LEXIS 999 at 5-6. Also, it is axiomatic that a court speaks through its journal. State v. King (1994), 70 Ohio St.3d 158,637 N.E.2d 903.
The central issue to be decided in this speedy trial assignment is two-fold in determining whether the time period was tolled: (1) what was the effect of the capias issuance; and (2) what was the effect of the August 17, 2000, pre-trial continuance to August 25, 2000, made allegedly at the request of the defense.
The capias did not operate to toll the speedy trial time. The capias was obviously issued in error since Lett, at the time of that arraignment attempt, was in county jail since the time of his arrest. In State v. Ball (Cuyahoga, 1990), 66 Ohio App.3d 224, 229, this court determined that in order for the issuance of a capias to be charged against the offender and toll speedy trial time, the facts of the case must,
 * * * indicate that the accused has carried out some overt act to avoid presenting himself to the court, attempted to flee the jurisdiction, or caused a scheduled trial date to be continued. See State v. Bauer (1980), 61 Ohio St.2d 83, 85, 15 O.O.3d 122, 123, 399 N.E.2d 555, 556; State v. Williams (June 18, 1987), Cuyahoga App. Nos. 52297-52301, unreported, 1987 WL 13024; State v. Lockett (Feb. 18, 1988), Cuyahoga App. No. 53334, unreported, 1988 WL 18639. * * *
The present facts, like the facts in Ball, fail to indicate that Lett carried out any of the overt acts mentioned in the preceding citation. Whatever caused Lett not to appear at the first arraignment on July 28, 2000, and which further caused the arraignment judge to issue a capias, the record does not disclose that Lett's non-appearance was the result of any action by Lett who was incarcerated at the time. Accordingly, the capias did not act to toll the speedy trial time.
The next basis for tolling is the August 17, 2000 pretrial continuance to August 25, 2000. As noted previously, this order was journalized on August 24, 2000. In Ball, 66 Ohio App.3d at 228-229, this court also applied the rule that journal entries which seek to toll the speedy trial period, and which are entered after the speedy trial period has expired, are defective for tolling purposes:
 It is well settled that a trial court may not wait until after the expiration of the speedy trial period to file journal entries which purport to toll the statutory speedy trial time. State v. Mincy (1982), 2 Ohio St.3d 6, 8, 2 OBR 282, 283, 441 N.E.2d 571, 572; State v. Benson, supra; State v. Burks (May 4, 1989), Cuyahoga App. No. 55271, unreported, at 5, 1989 WL 47248.
See State v. King (1994), 70 Ohio St.3d 158, 160 (reaffirmed Mincy stating that continuances must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance.); State v. Benson (1985), 29 Ohio App.3d 321, 505 N.E.2d 987.
Thus, the order journalized on August 24, 2000, filed three days after the speedy trial period had expired, is facially defective and cannot toll the speedy trial time.
Based on the foregoing, the trial court erred in denying the motion to dismiss.
Assignment affirmed.
Judgment reversed, conviction vacated.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
FRANK D. CELEBREZZE, JR., J., and LAWRENCE GREY, J.,(*) CONCUR.
 __________________________________ JAMES D. SWEENEY, PRESIDING JUDGE
[1] The July 28, 2000 return of the capias is not in the record. The clerk's office notes that this item is missing from Lett's case file.
[2] The ninety-day period actually ran to Sunday, August 20, 2000 (9 days in May, 30 days in June, 31 days in July, and 20 days in August equals 90 days total). However, since the ending date (August 20) was a Sunday, and the trial court was closed for business on that day of the week, the speedy trial time period extends to the next business day, which was Monday, August 21, 2000.
* (SITTING BY ASSIGNMENT: Lawrence Grey, Retired Judge of the Fourth District Court of Appeals.)