On this appeal from a conviction and sentence before Judge Peggy Foley Jones, I concur with the majority's resolution of assignments of error one, two, and five, but dissent from assignments three, four, and six. I would vacate the guilty plea and remand for further proceedings, during which the speedy trial issue also could be raised. In the alternative, because the judge exhibited a fundamental misunderstanding of the findings necessary to impose consecutive sentences, I would remand the majority's affirmance of the conviction for resentencing.
While I agree that a judge has discretion in deciding whether to allow or deny a Crim.R. 32.1 motion to withdraw a guilty plea, that discretion must be assessed in light of the facts and circumstances of this case, as well as the overriding principle that presentence motions to withdraw should be freely and liberally granted.[1] Therefore, a judge does not have discretion to take an unfairly narrow view of what constitutes a reasonable and legitimate basis for the withdrawal of the plea.[2] If the refusal to allow withdrawal violates the principle of liberal allowance, there has been an abuse of discretion.
Duvall's plea hearing took place on the morning of July 26, 2001, and, to preserve the testimony of an elderly victim who was ill and confined to a nursing home, her deposition had been scheduled for that afternoon. The judge told Duvall that she would not accept any plea agreement after the deposition was taken, and he then made a decision to enter the guilty plea and forgo the deposition. At the sentencing hearing on August 27, 2001, the judge refused to allow him to withdraw the plea, finding that, given the victim's frail condition, the State had been prejudiced by the canceled deposition.[3] However, it was unfair and unreasonable for the judge to hold Duvall responsible for the canceled deposition.
The transcript of the plea hearing reveals the following colloquy:
 THE COURT: * * *. So the plea agreement that they have offered is a significant reduction. I don't really care what you do. If you want to try this case, you should try this case. If you want to take a plea, it doesn't make any difference to me if I am in trial for a week with this or if I take a plea for a day. You need to think about what you are doing. Because when we take this depo today after today there is not going to be a plea agreement. That's in fairness to everybody. This alleged victim has to go through this and sit at a nursing home and you have to sit there and she has to see you and she has to go through that. I will not take a plea after today. So you need to think it through.
 THE DEFENDANT: Your Honor, that police report or the statement that they say she said, I don't believe she said that.
THE COURT: I don't know what statement she said.
 THE DEFENDANT: I just don't believe nothing like that happened.
 THE COURT: I don't know. Then maybe you can beat your case. * * *. These are tough cases to plead, but you have got to make a decision and you have only got another half hour to make it. Because I have got to mak 3:00.
A judge's involvement in plea negotiations should be closely tinizede accommodations to do this and go home at(Emphasis added.)scru defendant and render a subsequent plea involuntary.[4] A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.[5] The judge's statements were unfairly coercive because she arbitrarily informed Duvall that the plea offer would not be available after the deposition, and that he had only thirty minutes to make his decision so that she could do this and go home at 3:00.
It is the prosecutor, and not the judge, who has the authority and discretion to enter a plea agreement and recommend it to the judge. Normally, the prosecutor has sole discretion in deciding whether or not to pursue a certain charge, or to offer the accused an opportunity to plead guilty in exchange for a declaration of nolle prosequi for other pending charges, a recommendation of a lenient sentence, or some other form of consideration.[6] Although the judge has authority to reject a plea bargain, the prosecution's recommendations ought not to be summarily rejected and * * * the trial judge ought to exercise a sound discretion before refusing to accept or departing from such recommendations.[7]
The judge's conduct was the equivalent of a summary rejection of any future plea agreement, improperly coercing Duvall into a now-or-never scenario, as well as impairing the prosecutor's ability to exercise judgment in reaching a future plea agreement. Duvall apparently sought to ascertain the substance of the deposition testimony before deciding whether to accept a plea offer, but the judge refused him that opportunity. Although the prosecutor might have withdrawn the plea offer after the deposition, the testimony might also have allowed Duvall to obtain a more favorable offer. Even if the judge believed that allowing a plea after the deposition would be tantamount to allowing the defendant to go to trial before deciding whether to accept the State's offer, plea agreements are frequently accepted by judges during ongoing trials. Because the judge is required to assess plea recommendations on their own merits and under the circumstances then in existence, her conduct unfairly denied both parties the opportunity to make their own decisions concerning future plea agreements and unfairly pressured Duvall into accepting the State's offer.
Although the judge's coercive tactics rendered the plea involuntary, Duvall has not raised this argument in his third assignment of error. Nevertheless, an involuntary plea is considered void,[8] not merely voidable, and involuntariness appearing in the transcript of a plea hearing should be recognized and remedied as plain error.[9] I would sustain the third assignment of error.
Not only was the plea involuntary, the fact that the judge went to great lengths to intimidate appellant into accepting a plea bargain[10]
shows that she unreasonably refused to allow withdrawal of the plea. At his sentencing, Duvall again complained that facts had been misstated, and essentially restated his belief that the victim's testimony would not have corroborated the State's allegations. The judge, however, held him responsible for the canceled deposition, even though he was unfairly induced into making that decision. The record shows that Duvall had a legitimate basis for withdrawing his plea and that the judge unreasonably refused to allow his Crim.R. 32.1 motion. I would sustain the fourth assignment of error.
Under the sixth assignment the majority approves the imposition of consecutive sentences, finding that the judge made all the findings necessary under R.C. 2929.14(E)(4). The transcript, however, reveals not only that the judge failed to make all the required findings, but that she exhibited a fundamental misunderstanding of the statutory requirements. The judge stated:
 What the court needs to consider is when it's necessary to protect the public from future crimes and punish you and not to give a disproportionate sentence to the conduct or danger you impose. If I find one of these factors, I should give you the consecutive sentence. That is that the harm, the offender's criminal history, shows consecutive terms are needed to protect the public. I think that applies in this case especially the fact that you were on parole for aggravated robbery. (Emphasis added.)
Under R.C. 2929.14(E)(4), a judge must make the following findings before imposing consecutive sentences:
 (1) that the sentences are necessary to to protect the public from future crime or to punish the offender[,] AND
 (2) that the sentences are not disproportionate to the serious of the offender's conduct[,] AND
 (3) that the sentences are not disproportionate * * * to the danger the offender poses to the public, AND
 (4) one of the following: (a) the offender was awaiting trial or sentencing or was on parole or post-release control; (b) the harm caused by the offenses was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct; (c) the offender's criminal history shows that the sentences are necessary to protect the public from future crime by the offender.
The statute requires a judge to make at least four findings before imposing consecutive sentences; it does not allow such sentences upon making only one of those findings. The judge found that Duvall was on parole when he committed the offense, and that his criminal history showed the need to protect the public. She failed to find, however, that the sentences were not disproportionate to the seriousness of his conduct and to the danger he posed to the public. Moreover, her statement demonstrates a fundamental misunderstanding of both the letter and the spirit of the sentencing scheme.
A judge who demonstrates an awareness of statutory sentencing requirements and considerations wields broad discretion in sentencing within the legislative scheme. It is our duty, however, to ensure that the sentence is the product of an informed application of that scheme. The current statutory scheme was enacted in an effort to reach some level of objective consistency and fairness in sentencing all offenders. R.C.2929.11. Although judges might reach reasonable conclusions if left to their own devices, the legislation reflects a belief that such haphazard proceedings are unpredictable and provide no guidance for future judges sentencing similar offenders.[11]
The statutory scheme disfavors the imposition of both maximum prison terms and consecutive sentences by requiring specific findings and reasons before such sentences may be imposed.[12] The judge's sparse analysis and incorrect statement of law are grossly insufficient to confirm that the court's decision-making process included all of the statutorily required sentencing considerations.[13] Moreover, nothing in the record indicates that the judge made any attempt to understand and apply the policies underlying the legislative sentencing scheme before imposing the lengthiest prison term allowed for the two offenses. Where a judge finds such an extraordinary sentence necessary, it only makes good sense to be as scrupulous as possible in imposing it. The failure to do so indicates, at the very least, carelessness in imposing a sentence upon an offender whom the judge apparently believes is deserving of the harshest treatment available, when that belief should inspire the judge to take every precaution to ensure the validity of her judgment.
I would vacate the guilty plea and remand for further proceedings, including resolution of the speedy trial issue. In the alternative, given the majority's decision to affirm the conviction, I would remand for resentencing.
[1] State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[2] Id.
[3] See, e.g., State v. Fish (1995), 104 Ohio App.3d 236, 239-240,661 N.E.2d 788 (prejudice to State is an important factor in decision to allow withdrawal of plea).
[4] State v. Byrd (1980), 63 Ohio St.2d 288, 17 O.O.3d 184,407 N.E.2d 1384; State v. Ball (1990), 66 Ohio App.3d 224, 226,583 N.E.2d 1094.
[5] Machibroda v. United States (1962), 368 U.S. 487, 493,82 S.Ct. 510, 7 L.Ed.2d 473.
[6] State v. Filchock (1996), 116 Ohio App.3d 572, 577, 688 N.E.2d 1063. (Citations omitted.)
[7] State v. Ridgeway (1990), 66 Ohio App.3d 270, 276, 583 N.E.2d 1123. (Citation omitted.)
[8] Machibroda, 368 U.S. at 493.
[9] State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240.
[10] Ball, 66 Ohio App.3d at 226.
[11] State v. De Amiches (Mar. 1, 2001), Cuyahoga App. No. 77609.
[12] Id.; State v. Edmonson, 86 Ohio St.3d 324, 329, 1999-Ohio-110,715 N.E.2d 131.
[13] Id. at 327.