[Cite as *State v. Reeves*, 2016-Ohio-5540.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-12 |
| | : | |
| v. | : | T.C. NO. 14CR519 |
| | : | |
| HOWARD E. REEVES | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the _____26th_____ day of _____August_____, 2016.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Civil Division Chief, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Howard E. Reeves appeals his conviction and sentence for three counts of rape, in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree, and five counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), all felonies of the second degree. Each count for which Reeves was

convicted was accompanied by a repeat violent offender specification based on a prior conviction for rape of a minor which occurred in 2001. Reeves filed a timely notice of appeal with this Court on March 11, 2015.

{¶ 2} The record establishes that Reeves was arrested and taken into custody on August 20, 2014, after the police became aware of allegations that he committed several sex offenses against at least two minors. On August 22, 2014, a complaint was filed in Fairborn Municipal Court charging Reeves with four counts of rape and two counts of unlawful sexual conduct with a minor, in regards to offenses which occurred between May 1, 2013, and August 19, 2014. We note that Reeves remained in jail throughout the pendency of his case. Shortly thereafter, on August 27, 2014, Reeves' case was transferred to the Greene County Court of Common Pleas. On the same day, Reeves, represented by private counsel, filed a "Waiver of Preliminary Hearing and Specific Time Waiver," which states in pertinent part:

Now come the Defendant, and hereby waives the following:

1. The right to a preliminary hearing and time within which to have this case presented to the Greene County Grand Jury.

2. *The time for which hearing or trial must be held in accordance with R.C. 2945.71*, and for the 60 days that is being waived to present the matter to grand jury under Rule of Superintendence 39(B)(2).

Defendant requests that this matter be remanded to the Greene County Common Pleas Court, pursuant to Rule of Superintendence 39 and the Criminal Rules. (Emphasis added).

{¶ 3} On September 12, 2014, Reeves' retained counsel withdrew from the case,

and new defense counsel was appointed by the trial court. On October 24, 2014, Reeves was charged by indictment with three counts of rape, and five counts of unlawful sexual conduct with a minor. Each count in the indictment was accompanied by a repeat violent offender specification. At his arraignment on October 31, 2014, Reeves pled not guilty to all of the charges in the indictment.

{¶ 4} On November 5, 2014, Reeves filed a motion for a sanity and competency evaluation. In a judgment entry issued on January 22, 2015, the trial court found Reeves competent to stand trial, and his trial was scheduled to occur on February 23, 2015. On February 19, 2015, Reeves filed a motion to dismiss based upon speedy trial violations. In a judgment entry issued on February 20, 2015, the trial court overruled Reeves' motion to dismiss. Specifically, the trial court found that Reeves waived his right to speedy trial when he filed his "Waiver of Preliminary Hearing and Specific Time Waiver" on August 27, 2014.

{¶ 5} Prior to the beginning of Reeves' bench trial, the State offered him a plea deal but misstated the sentence that he would be subject to if he accepted the deal. Neither Reeves nor the trial court corrected the State's incorrect plea offer.[1] Ultimately, Reeves rejected the incorrect plea offer, and the case proceeded to a bench trial on February 23, 2015. The trial court did not render a verdict when the trial concluded the same day. On February 25, 2015, the State corrected its plea offer to Reeves in open court, and he requested additional time to consider the offer. The trial court granted

---

[1]Initially, the State mistakenly informed Reeves that his acceptance of the plea mandated the imposition of three life sentences *without the possibility of parole.* Rather, the correct sentences that Reeves would have been subject to if he accepted the plea is three sentences of twenty-five years to life *or* three sentences of life without parole for Counts I, II, and III.

Reeves five additional days in which to consider the State's corrected offer.

{¶ 6} On March 2, 2015, Reeves requested that the trial court recuse itself and that his case be assigned to a new judge for sentencing purposes suggesting a willingness to accept the plea deal. The trial court refused Reeves' request for recusal, ignored his proffered plea, found him guilty on all counts in the indictment, and sentenced him to three terms of life in prison without the possibility of parole, plus an additional forty years.

{¶ 7} It is from this judgment that Reeves now appeals.

{¶ 8} Reeves' first assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS BASED ON THE STATE'S VIOLATION OF THE SPEEDY TRIAL STATUTE."

{¶ 10} In his first assignment, Reeves contends that the trial court erred when it denied his motion to dismiss the indictment because his right to speedy trial had been violated pursuant to R.C. 2945.71.

{¶ 11} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams,* 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial" provided in the United States and Ohio Constitutions. *Brecksville v. Cook,* 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996). As such, that statute must be strictly construed against the State. *Id.*

{¶ 12} A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. *State v. Gray,* 2d Dist. Montgomery No. 20980, 2007–Ohio–4549, ¶ 15. "If the defendant can make this showing, the burden shifts to the State

to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged. R.C. 2945.73." *Id.*

{¶ 13} Under R.C. 2945.71(C)(2), the State must bring a felony defendant to trial within 270 days of arrest. " 'Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three, pursuant to the triple-count provision of R.C. 2945.71(E).' This 'triple-count' provision would reduce to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial." (Citation omitted.) *State v. Dankworth,* 172 Ohio App.3d 159, 2007–Ohio–2588, 873 N.E.2d 902, ¶ 31 (2d Dist.).

{¶ 14} The time within which a defendant must be brought to trial may be extended for the reasons specifically enumerated in R.C. 2945.72. *State v. Brewer,* 2d Dist. Montgomery Nos. 22159, 22160, 2008–Ohio–2715, ¶ 37, citing *State v. Palmer,* 84 Ohio St.3d 103, 702 N.E.2d 72 (1998). Permissible reasons for extending the trial date include "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused" and "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(E) and (H).

{¶ 15} As a general proposition, the defendant in a criminal action can waive his speedy-trial rights as long as the waiver is made voluntarily. *State v. King,* 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994). Speedy-trial waivers are distinct from the provisions in R.C. 2945.72 that extend the statutory speedy-trial time by tolling it. *State v. Kerby*, 162 Ohio App.3d 353, 2005-Ohio-3734, 833 N.E.2d 757, ¶ 62 (2d Dist.). A waiver relinquishes the right, at least until the waiver is withdrawn. *Id.* A waiver of speedy-

trial rights must be knowing, intelligent, and voluntary, which includes an understanding of both the effect of the waiver and the duration and extent of that waiver. *State v. Adams*, 43 Ohio St.3d 67, 69, 538 N.E.2d 1025 (1989).

{¶ 16} In the instant case, Reeves was arrested on August 20, 2014. When computing speedy trial time, the day of arrest is not counted. *State v. Cline,* 2d Dist. Champaign No. 2002-CA-05, 2003-Ohio-4712, at ¶ 27, *reversed on other grounds*, 103 Ohio St.3d 471, 816 N.E.2d 1069 (2004). Therefore, the time for bringing Reeves to trial began running on August 21, 2014, the day after his arrest. *Id.*

{¶ 17} As previously mentioned, on August 27, 2014, Reeves filed a "Waiver of Preliminary Hearing and Specific Time Waiver," which stated that he waived "*[t]he time for which hearing or trial must be held in accordance with R.C. 2945.71*." A criminal defendant may waive his constitutional and statutory rights to a speedy trial, and "for purposes of trial preparation, a defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel." *State v. King,* 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994). However, "[t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." *Id.* at 158.

{¶ 18} Here, Reeves explicitly waived his right to speedy trial on August 27, 2014, along with waiving his right to a preliminary hearing with respect to the charges stated in the complaint. In the waiver, Reeves specifically acknowledges that his case is going to be presented to a grand jury at some time in the future. Moreover, Reeves specifically requests that his case be remanded to the Greene County Court of Common Pleas. In our view, the record clearly establishes that Reeves understood that he had been charged

by complaint with felony rape and unlawful sexual conduct with a minor. The language utilized in the waiver further establishes that Reeves understood that he was waiving speedy trial time regarding the charges set forth in the complaint against him and that his case would be transferred to common pleas court. Accordingly, we conclude that Reeves' waiver of his right to speedy trial was made in a knowing, voluntary, and intelligent fashion.

{¶ 19} Therefore, from August 21, 2014, to August 26, 2014, six days passed for the purposes of Reeves' speedy trial time. From August 27, 2014, until October 24, 2014, the date the indictment was filed, speedy trial time was tolled. Twelve additional days passed when speedy trial time began to run again on October 25, 2014, until November 5, 2014, when Reeves filed a motion for a sanity and competency evaluation which tolled time until January 22, 2015, when the trial court issued a decision finding Reeves competent and sane to stand trial. Speedy trial time began to run again from January 22, 2015, until February 19, 2015, when Reeves filed a motion to dismiss for violation of his right to speedy trial. During that time, twenty-nine days passed which counted towards Reeves' speedy trial calculations. The trial court overruled Reeves's motion to dismiss on Friday, February 20, 2015, and his trial began on February 23, 2015. Two more days passed which counted towards Reeves' speedy trial time. Accordingly, we find that only forty-nine days had elapsed which was well within Reeves' speedy trial time period with respect to the charges contained in the complaint filed against him on August 22, 2014.

{¶ 20} As noted by the State, however, Counts VII and VIII (two additional counts of unlawful sexual conduct with a minor), were added when Reeves' indictment was filed

on October 24, 2014. The State concedes that the counts should be dismissed because speedy trial time had elapsed by the time Reeves went to trial on February 23, 2015. The Ohio Supreme Court has held that "[w]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applicable to the original charge." *Adams,* 43 Ohio St.3d at 68, quoting *State v. Clay*, 9 Ohio App.3d 216, 218, 459 N.E.2d 609 (11th Dist.1983). Moreover, "[w]hen an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." *State v. Boles,* 2d Dist. Montgomery No. 18762, 2003-Ohio-2693, ¶ 13. "[E]ven where the accused knows of the possibility of additional charges being brought against him, a waiver of speedy trial rights cannot apply to charges brought subsequent to the waiver." *Id.*, citing *State v. Jackson*, 2d Dist. Montgomery No. 17056, 1998 WL 639272 (Sept. 18, 1998). The waiver executed by Reeves therefore did not have any effect on Counts VII and VIII that related back to the conduct for which he was originally charged. Significantly, we find that 108 days had elapsed, which was well outside Reeves' speedy trial time period with respect to the complaint filed against him on August 22, 2014. Pursuant to our decision in *Boles*, Counts VII and VIII in the indictment are therefore to be dismissed by the trial court.

{¶ 21} " '[A] specification is, by its very nature, ancillary to, and completely dependent upon, the existence of the underlying criminal charge or charges to which the specification is attached.' " *State v. Evans,* 113 Ohio St.3d 100, 2007-Ohio-861, 863

N.E.2d 113, ¶ 15, quoting *State v. Nagel*, 84 Ohio St.3d 280, 286, 703 N.E.2d 773 (1999). It is a penalty enhancement, not a separate violation or offense. *Evans* at ¶ 15. A defendant is classified as a repeat violent offender based on a prior conviction or guilty plea to a first-or second-degree offense of violence or an attempt of an offense of violence. R.C. 2929.01(CC). The repeat violent offender classification is "strictly a sentencing consideration for the court." *State v. Allen*, 29 Ohio St.3d 53, 55, 506 N.E.2d 199 (1987).

{¶ 22} In the instant case, the repeat violent offender specifications depended upon and attached to each count in Reeves' indictment as a result of his prior conviction for rape of a minor which occurred in 2001. Because the specifications were ancillary to the charges of rape and unlawful sexual conduct with a minor, Reeves does not have a separate right to a speedy trial for the RVO specifications. *State v. Smith*, 9th Dist. Summit No. 25069, 2010-Ohio-3983, ¶ 17.[2] Therefore, the RVO specifications attached to Counts I - VI are not subject to dismissal for violation of Reeves' right to speedy trial. In fact, the only RVO specifications subject to dismissal are those which were attached to Counts VII and VIII which we have found to be violative of Reeves' right to speedy trial.

{¶ 23} Reeves' first assignment of error is sustained in part and overruled in part.

{¶ 24} Reeves' second assignment of error is as follows:

{¶ 25} "INEFFECTIVE ASSISTANCE OF COUNSEL AS WELL AS THE TRIAL COURT ABUSING ITS DISCRETION RESULTED IN AN IMPROPER SENTENCE."

{¶ 26} In his second and final assignment, Reeves argues that he received

---

[2] The State initially erroneously conceded this issue. Thereafter, this Court issued an order dated March 22, 2016, allowing both appellant and appellee an opportunity to address *Smith*.

ineffective assistance of counsel when his counsel failed to object to the State's incorrect recitation of the sentence he would be subject to if he accepted the plea offered by the State immediately prior to trial on February 23, 2015. Reeves also argues that it was error for the trial court to refuse to allow him to accept the plea deal after the potential sentence had been corrected by the State even if the court did not want to recuse itself at that point in the proceedings.

{¶ 27} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 28} An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown,* 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). The test for a claim of ineffective

assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy. *State v. Smith,* 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook,* 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

**{¶ 29}** Specifically, Reeves argues that his counsel's failure to object during the following exchange constitutes ineffective assistance of counsel:

The State: Thank you, Your Honor. Now with regard to plea negotiations in this case….

The Court: In regard to what?

The State: Plea negotiations.

The Court: Yes.

The State: In this case. The State has tendered an offer to the Defendant that if he pleads guilty as charged to Count 1, Count 2, Count 3, Count 5, Count 6, and Count 7 of the indictment; each one of those separate counts having a specification as a repeat violent offender, pursuant to section §2941.149, which the State would expect the Defendant to plead guilty to as well; the State would dismiss Counts 4 and 8, and the specifications that accompany those charges. *Your Honor*[,] *the punishment required by law in this case for counts 1, 2, and 3 is life without*

*parole.*

The maximum sentence the Defendant would be facing if he accepted the State's offer, potentially, if this Court saw fit to run these sentences consecutively, would be three life sentences without parole and an accompanying twenty-four years.

The Court: Very good. And Mr. Daly is that your understanding as well?

Defense Counsel: *It is.*

(Tr. 8-9, Feb. 23, 2015). We note that Reeves ultimately rejected the State's plea offer. The trial court acknowledged Reeves' decision to reject the plea offer and then immediately proceeded to hold a bench trial.

**{¶ 30}** Reeves argues that he received ineffective assistance when his counsel failed to object to the State's recitation of the sentence he would be subject to if he accepted the plea. Neither party disputes that the State gave an incorrect recitation of the sentence Reeves would receive if he accepted the plea. Reeves' acceptance of the plea did not mandate the imposition of three life sentences *without the possibility of parole.* Rather, the correct sentences that Reeves would have been subject to if he accepted the plea is three sentences of twenty-five years to life *or* three sentences of life without parole for Counts I, II, and III.

**{¶ 31}** We find that defense counsel's failure to object to the State's incorrect recitation of the sentence at the plea hearing constituted performance which fell below an objective standard of reasonableness. Herein, after the bench trial was concluded but no verdicts had yet been rendered, the State became aware of its error and requested a

hearing pursuant to the U.S. Supreme Court's holding in *Lafler v. Cooper,* _____ U.S. _____, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

**{¶ 32}** In *Lafler*, the court held that defendants are entitled to the effective assistance of counsel during plea negotiations and that counsel may be ineffective when counsel's advice led to the rejection of a plea bargain that would have resulted in a lesser sentence. *State v. Royster*, 2d Dist. Montgomery No. 26378, 2015-Ohio-625, ¶ 32. However, in order to prevail on a claim of ineffective assistance of counsel on those grounds, "a defendant must show that but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted [the plea's] terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed." *Id.* at paragraph one of the syllabus.

**{¶ 33}** Thus, "[t]o show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability both that they would have accepted the more favorable plea offer had they been afforded effective assistance of counsel and that the plea would have been entered without the prosecution's canceling it or the trial court's refusing to accept it, if they had the authority to exercise that discretion under state law." *Missouri v. Frye,* _____ U.S. _____, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), paragraph three of the syllabus.

**{¶ 34}** On February 25, 2015, the trial court held a *Lafler* hearing during which the following exchange occurred:

> The Court: *** Before the Court pronounces its verdicts in this case would either party wish to be heard starting with the State?

The State: Yes, Your Honor. If the Court recalls, prior to the commencement of the bench trial on Monday morning the Court asked us to have a *Lafler* hearing and put the prior offer that was tendered by the State on the record.

Subsequently, *the State has discovered that we, in error, said that certain counts in the indictment carried with it a mandatory sentence of life without parole.   So with the Court's indulgence – as a result it was brought to the Court's attention in conference we all agree that the best way to handle it was to reiterate the offer with the correct potential maximum penalties.*

I would like to do that now.

The Court: You may proceed.

The State: Alright, Your Honor the offer –

The Court: I assume there is no objection to that Mr. Daly.

Defense Counsel: There's no objection to the State proceeding.

The Court: Very good.   You may proceed Mr. Hayes.

The State: Alright.   The offer that was tendered, and is still there, is that if the Defendant pleads guilty to counts 1, 2, 3, 5, 6, and 7, the State will dismiss counts 4 and 8.

Alright, the State would expect Mr. Reeves to also plead guilty or acknowledge the specifications with regard to each one of those counts. Those specifications are as a repeat violent offender.

*The error, Your Honor, is that with regard to counts 1, 2, and 3 the*

*State indicated that they carried with them mandatory terms of life without parole. That is incorrect. Each one of those carries with it either a sentence of twenty-five years to life or life without parole; and counts 5, 6, and 7, which are all unlawful sexual conduct with a minor, felonies of the second degree carries with them a maximum of eight years.*

The Court: Thank you. And that offer is still on the table. Mr. Daly, have you had a chance to talk to your client about that?

Defense Counsel: *I have, Your Honor, and in response to the State's statement I also must state that I also was in error and told my client that it was a life without the possibility of parole sentence. *** I told him now that that's not the case and his response to me was – well I asked him what would you like to do – and his response was well that's too much to put on somebody at the last minute. Why do you keep changing things? I need to think about this; so that's all I can say.*

The Court: Well, I think that's reasonable to give the Defendant some time to consider pleading guilty to counts 1, 2, 3, 5, 6, 7, and the specifications contain[ed] therein. Is that the correct offer, Mr. Hayes?

The State: It is, Your Honor.

\*\*\*

The Court: Then we will reconvene on that day and time, March 2, 2015[,] at 11:00 a.m.; and at that time Mr. Daly it is my understanding that you will have had an opportunity to even further discuss with the Defendant and we will proceed thereupon. Is that correct?

Defense Counsel: That is correct.

**{¶ 35}** Thereafter, on March 2, 2015, the following exchange occurred between all of the parties:

The Court: Very good; anything further before the Court pronounces verdict in this matter; from the State?

The State: No, Your Honor.

The Court: From the Defense?

Defense Counsel: Yes, Your Honor. You'll remember last we had left it, Your Honor, was – or the Court – was gracious enough to allow my client additional time to determine whether or not he would like to change his plea based on the incorrect reading of the *Lafler* hearing; and I say this – I've said this in chambers but I'll say this in front of my client because he was a little bit nervous about this – so I'll start off by saying that his position is nothing personal against the Court. He likes the Court. The Court has been very cordial to him. The Court has been very polite to him. There have been no contentious issues between the Defendant and the Court. It's just that his life, or the balance of his life, is at issue so he needs to bring this up and he doesn't mean to offend anybody; but he would like to change a plea but he would like to do that before a different judge.

The Court: The balance of his life could be at issue.

Defense Counsel: Could be, yes.

The Court: Continue.

Defense Counsel: Could be. So, he would like to change his plea

but he would like to do it before another judge and the reason behind his reasoning – and I spent the weekend with Mr. Reeves and he's thought this out quite well, I believe, and I'll convey it to the Court – is that this particular Honorable Court has heard all of the evidence, has heard all details, has heard seven witnesses, has heard facts which ordinarily a Court which would take a guilty plea or a no contest plea would not have heard. Yes they would receive a paragraph or two in a pre-sentence report but certainly not eight hours of testimony from seven witnesses over the course of a day; and disturbing testimony, which my client thinks is going to effect [sic] the Court's decision.

Now I can't say with this particular Court that this has ever happened. I can say that in my twenty-five years it has happened in other courts where the Court says if the case goes to trial, it's not that I'm going to penalize your client for going to trial, but Mr. Daly I may find out additional facts that may not come out during the allocution or during the plea. I may hear from witnesses. I may see witnesses that don't want to take the stand who are crying or upset and that has an impact on the Court; so the sentence could be different after trial as opposed to a plea.

My client feels that that is applicable in this situation, respectfully. The objective here is to go back to the beginning with a correct *Lafler* hearing. I think that's my objective is try to – I think it's everybody's objective – is to try to go back to the beginning to correct the incorrect *Lafler* recitation. Unfortunately, we can't un-ring a bell; so the best we can do,

respectfully again, is transferred [sic] it to a judge who hasn't sat through the entire trial and have that judge take the plea. Again, all of this is said with the utmost respect for the Court and I thank you.

***

The Court: Thank you. Let the record reflect and I think all counsel will agree, the verdicts of the Court whatever they may be, preceded Defense statement just now about his wish of his client.

Does the Defense agree to that?

Defense Counsel: I'm not – I don't know to be honest with you.

The Court: Well I said I was ready to announce verdict last week.

Defense Counsel: Okay.

The Court: And I'm just now hearing, at 11:35, your client's wish to have this transferred.

Defense Counsel: Right.

The Court: So I want the record clear, in terms of chronology, that the Court has rendered its verdict prior to hearing what you have just said about transferring the case. Does the Defense agree to that?

Defense Counsel: Yes. I heard you say that. I heard you say the Court was ready.

The Court: Do you agree to that chronology? That the Court rendered its verdict prior to hearing just now for the first time that the Defendant wanted the case transferred?

Defense Counsel: The Court did not render its verdict prior to.

The Court: Was ready to render its verdict.

Defense Counsel: I agree that that's what the Court had said, yes sir.

The Court: Alright.   So before the Court came out here today, I want to make the record very clear here, and for the first time now is hearing on the record that the Defendant wishes to have a new judge for a potential plea of guilt.   Is that a correct recitation; from the State?

The State: Yes, Your Honor.

The Court: The Defense?

Defense Counsel: Yes.

The Court: Thank you very much.   For the first time, the Court will now finally read the verdicts into the record. ***

{¶ 36} At that point in the hearing, the trial court found Reeves guilty for every count in the indictment and scheduled a sentencing hearing on March 5, 2015.   Although defense counsel suggested that Reeves wished to accept the corrected plea offered by the State, the trial court proceeded immediately to pronouncing its verdicts.   Defense counsel did not object, and the trial court provided Reeves with no further opportunity to accept the plea bargain offered by the State.   By failing to object at this point, Reeves' counsel was clearly ineffective because he failed to attempt to secure his client's right to accept the corrected plea bargain.   Reeves was clearly prejudiced by defense counsel's failure in this regard, thus satisfying the second prong of the *Strickland* test for ineffective assistance.

{¶ 37} Additionally, while the trial court was not required to grant Reeves' request to have the case transferred to another judge, at the very least, the trial court should have

given Reeves the opportunity to tender the pleas based upon the State's offer before announcing its verdicts. Accordingly, we conclude that the trial court abused its discretion when it did not allow Reeves the opportunity to accept or reject the corrected plea that was not offered to him prior to trial.

{¶ 38} Reeves' second assignment of error is sustained.

{¶ 39} Reeves' first assignment of error having been sustained in part, and his second assignment of error having been sustained, his conviction and sentence are reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FAIN, J., and WELBAUM, J., concur.

Copies mailed to:

Elizabeth A. Ellis
John S. Pinard
Hon. Michael A. Buckwalter